22376. RICHARDS et al. v. JOHNSON.
22377. RICHARDS et al. v. JOHNSON, Administratrix.

772

ARGUED FEBRUARY 10, 1964—DECIDED MARCH 6, 1964—
REHEARING DENIED MARCH 18, 1964.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Larry Phillips, Thomas E. Joiner, Bennett, Gilbert, Gilbert & Whittle,* for plaintiffs in error.

*Hewlett & Ward, Sam D. Hewlett, Jr., Florence Dendy, Forrester & Calhoun,* contra.

ALMAND, Justice. Since these two cases involve identical questions of law they can be disposed of together. The plaintiff, Mrs. Dorothy A. Johnson, in her individual capacity, sued to recover for the alleged wrongful death of her husband. Mrs. Johnson, as administratrix of her husband's estate, sued to recover for his pain and suffering, expenses of last illness and burial expenses. The actions were brought in the Superior Court of Glynn County against three named defendants as joint tortfeasors. The defendants were Merle W. Richards, a resident of Thomas County; Earl Key, a resident of Bibb County; and the General Gas Corporation, which maintained an office, place of business and agent in Glynn County. Richards and Key, hereinafter referred to as the plaintiffs in error, filed pleas to the jurisdiction alleging that General Gas Corporation also had an office, place of business and agent in Thomas and Bibb Counties and that under a proper construction of Art. VI, Sec. XIV, Par. IV of the Georgia Constitution of 1945 (*Code Ann.* § 2-4904) the Superior Court of Glynn County did not have jurisdiction of the case. The plaintiffs in error also alleged in their pleas to the jurisdiction that under a proper construction of *Code* § 3-204, the Superior Court of Glynn County did not have jurisdiction of the case and that if *Code* § 3-204 be construed so as to give the court jurisdiction then that section is unconstitutional as being violative of Art. VI, Sec. XIV, Par. IV of the Georgia Constitution of 1945 (*Code Ann.* § 2-4904). In addition to the pleas to the jurisdiction Richards and Key filed cross bills alleg-

ing that the Superior Court of Thomas County where the injury occurred would be the most convenient forum for the trial of the case and prayed that the plaintiff be permanently enjoined from prosecuting the action in the Superior Court of Glynn County. After a hearing the court entered an order sustaining plaintiff's oral motion to dismiss the pleas to the jurisdiction. The court also sustained plaintiff's oral motion to dismiss the cross bills. Orders were entered striking the pleas to the jurisdiction and striking the cross bills. The plaintiffs in error assign error on the rulings of the court sustaining the oral motion to dismiss the pleas to the jurisdiction and sustaining the oral motion to dismiss the cross bills and on the order striking and dismissing the same.

■ The plaintiffs in error contend that this action could not be maintained in the Superior Court of Glynn County for three reasons. First they contend that this action must be brought in either Thomas County or Bibb County since General Gas Corporation, the third defendant, is considered to be a resident of both these counties and therefore does not reside in a "different" county from Richards and Key, the other two defendants, who reside in Thomas County and Bibb County respectively, within the meaning of Art. VI, Sec. XIV, Par. IV of the Georgia Constitution of 1945 (*Code Ann.* § 2-4904), although General Gas Corporation is also considered to be a resident of Glynn County. Art. VI, Sec. XIV, Par. IV of the Georgia Constitution of 1945 (*Code Ann.* § 2-4904) provides: "Suits against joint obligors, joint promissors, copartners, or joint trespassers, residing in different counties, may be tried in either county." This contention raises the issue of whether a corporation which is sued as a joint tortfeasor and is deemed to be a resident of the same county as both the other joint tortfeasors which it is joined with and is also considered to be a resident of another county in which neither of the other two joint tortfeasors reside is a resident of a "different" county within the meaning of the constitutional provision cited above. We are unable to find a case which has decided this precise question. However *Baggett v. Linder*, 208 Ga. 590 (68 SE2d 469) is a physical precedent. In that case the plaintiff brought his petition in Candler Su-

perior Court seeking an injunction against eight defendants who were alleged to be joint trespassers. Only one defendant resided in Candler County. Three defendants were alleged to be residents of Emanuel County and two to be residents of Richmond County. Defendant Linder, a resident of Jeff Davis, filed his plea to the jurisdiction. This court held the suit was one against joint trespassers and under Art. VI, Sec. XIV, Par. IV of the Georgia Constitution of 1945 (*Code. Ann.* § 2-4904) the court had jurisdiction over all the defendants. Counsel for both sides have filed comprehensive briefs but they have been unable to find a case in point. The numerous cases cited by defendant in error are not controlling since in none of those cases does it appear that the corporation and the other defendant tortfeasors were residents of the same county. Nor are the cases cited by the plaintiffs in error in point. In *Bolin v. Pennsylvania Threshermen &c. Cas. Ins. Co.*, 92 Ga. App. 726 (89 SE2d 831) the defendants were not joint tortfeasors. *Benton Rapid Express, Inc. v. Johnson*, 202 Ga. 597 (43 SE2d 667) is not in point because one of the joint tortfeasors was a nonresident. The case of *Southern R. Co. v. Grizzle*, 124 Ga. 735 (53 SE 244, 110 ASR 191) does not support the contentions of the plaintiffs in error. Since there are no cases which control here we turn to an examination of the constitutional provision in question. The controversy turns on the meaning of the word "different." Plaintiffs in error contend that different means "not the same." Even if their definition is used it still appears that General Gas Corporation resides in a different county from Richards and Key. The General Gas Corporation is considered a resident of Glynn County. Richards and Key do not reside in Glynn County. Therefore the General Gas Corporation resides in a county which is "not the same" as the counties where Richards and Key reside. It is true that General Gas Corporation is deemed to be a resident of counties where Richards and Key reside but General Gas Corporation is also considered a resident of a county where the other defendants do not reside and therefore resides in a different county within the meaning of Art. VI, Sec. XIV, Par. IV of the Georgia Constitution of 1945 (*Code Ann.* § 2-4904). Thus the trial court did not err in construing this

constitutional provision so as to permit this action to be maintained in Glynn County.

The second contention of plaintiffs in error is that under a proper construction of *Code* § 3-204 the Superior Court of Glynn County did not have jurisdiction of this action. *Code* § 3-204 provides: "Joint or joint and several obligors or promissors, or joint contractors, or copartners, residing in different counties, may be sued as such in the same action in any county in which one or more of the defendants shall reside." It is apparent from reading the Code section that it is not only similar to Art. VI, Sec. XIV, Par. IV of the Georgia Constitution of 1945 (*Code Ann.* § 2-4904) but contains the phrase "residing in different counties" which is also a part of the constitutional provision. Since there is no material difference between the two, the construction given to the constitutional provision applies to *Code* § 3-204. Therefore the court properly construed *Code* § 3-204 so as to give the Superior Court of Glynn County jurisdiction of this action.

The third contention of the plaintiffs in error is that *Code* § 3-204 is unconstitutional as violative of Art. VI, Sec. XIV, Par. IV of the Georgia Constitution of 1945 (*Code Ann.* § 2-4904) if it be construed so as to allow this action to be maintained in Glynn County. This court cannot consider this contention since it was stipulated in the bill of exceptions that "The question of the unconstitutionality of Section 3-204 of the 1933 Code of Georgia was introduced and discussed by defendants Richards and Key, but was not urged, and was not passed upon by the court."

■ The plaintiffs in error contend that the court erred in dismissing their cross bills. The material portions of the cross bills read as follows: "The occurrence out of which this cause of action arises took place in Thomas County, Georgia, and all of the witnesses which this defendant expects to call in his behalf are residents of Thomas County, Georgia. Since Thomas County, Georgia, is more than one hundred miles from Glynn County, Georgia, this defendant would be deprived of the right to compel these witnesses to appear and testify at the trial . . . The Superior Court of Thomas County, Georgia, would

be the most convenient forum for the trial of this case as far as all parties are concerned and this defendant should not be required to appear and defend this case in Glynn County, Georgia, since said county has no connection with the occurrence out of which this action arises, has no connection whatsoever with this defendant or defendant Merle W. Richards and has no connection with defendant General Gas Corporation except for the bare fact that defendant General Gas Corporation maintains an office, agent and place of doing business in Glynn County, Georgia. The personnel of General Gas Corporation located in Glynn County, Georgia, have no connection whatsoever with the occurrence out of which this action arises and have no knowledge concerning this occurrence." Although the plaintiffs in error admit in their brief that "this court has not, as of yet, expressly held that the superior courts of this State have such power," they contend that the superior courts of this State may decline to exercise their jurisdiction in a cause of action arising in this State between parties who are residents of this State under the doctrine of forum non conveniens. Under the Constitution and a statute of this State the Superior Court of Glynn County has jurisdiction to entertain this action against the three defendants who are alleged to be joint tortfeasors. The legal right of the plaintiff to bring the action in that court will not be destroyed by the injunctive power of a court of equity, because equity follows the law and is not antagonistic to a proceeding at law. *Code* § 37-103. The court did not err in granting the motion to dismiss the cross bills.

*Judgment affirmed. All the Justices concur.*