## 65620. SMITH et al. v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA.

DEEN, Presiding Judge.

Claude Smith and Hardy Mae Smith, residents of Walton County and parents of Claude Lee Smith, who died in December, 1980, while a patient in the Eugene Talmadge Memorial Hospital in Augusta, brought this wrongful death action in Fulton Superior Court against the Board of Regents, alleging negligence on the part of hospital personnel and seeking money damages for the full value of their son's life, for his pain and suffering, and for medical, funeral, and other expenses associated with his death. The Board of Regents moved that the complaint be dismissed without prejudice on the ground of *forum non conveniens,* alleging that all witnesses and relevant medical records were located in Richmond County. The trial court granted the motion on the express conditions that defendant pay plaintiff's costs of refiling their complaint in Richmond County and that defendant accept service in that county. The Smiths appeal from this judgment, enumerating as error the court's granting of the motion to dismiss on *forum non conveniens* grounds. *Held:*

Appellants correctly contend that the relevant statute places jurisdiction in Fulton County, where appellees reside. Constitution of the State of Georgia, Art. VI, Sec. XIV, Par. VI (Code Ann. § 2-4306). Appellees do not dispute this but point to the principle underlying the *forum non conveniens* doctrine as articulated in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (67 SC 839, 91 LE 1055) (1946) at 507: "The principle . . . is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a . . . statute." *Gilbert* noted the discretionary nature of the doctrine and enumerated certain factors that would cause a court to tend towards applying *forum non conveniens:* "the relative ease of access to sources of proof; . . . the cost of obtaining . . . witnesses; possibility of view of premises, if . . . appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. at 508.

The doctrine of *forum non conveniens* has been widely adopted in jurisdictions other than Georgia, and its operation has been tacitly acknowledged and applied in this state in a few instances. See, e.g., *Johnson v. Harper,* 246 Ga. 124 (269 SE2d 16) (1980); *Richards v. Johnson,* 219 Ga. 771 (135 SE2d 881) (1964); *Atlantic C. L. R. Co. v. Westbrook,* 86 Ga. App. 23 (70 SE2d 531) (1952). It has never been expressly sanctioned in Georgia courts, however.

Therefore, because the relevant constitutional authority places venue, absent certain specified circumstances, squarely and sole-

ly in the county of the defendant's residence, and because Georgia's courts have not seen fit generally to invoke the doctrine of *forum non conveniens,* we hold that the trial court erred in granting appellee's motion to dismiss. The court notes, however, that should the legislature in the future make *forum non conveniens* an option for determining venue, a case such as that *sub judice* would be well suited for its application. Superior access to witnesses, to records, to the site where the alleged negligence occurred, and to other resources that might be of practical value in the presentation of the case would perhaps outweigh any inconvenience that plaintiff-appellants would incur by having to travel to another city to try their case.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 28, 1983.

*Jack Dorsey, Michael R. Jones, Sr.,* for appellants.

*Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Alfred L. Evans, Jr., H. Perry Michael, Senior Assistant Attorneys General, Jim O. Llewellyn, Assistant Attorney General,* for appellee.