S97A0357. NOROWSKI v. NOROWSKI.
(483 SE2d 577)

FLETCHER, Presiding Justice.

We granted this discretionary application to consider whether Uniform Superior Court Rule 24.7 precludes a trial court from hearing a petition for divorce when child custody issues are being litigated in another forum. We conclude that it does not and, therefore, reverse.

Sandra Norowski and Peter Norowski are currently wife and husband. Until 1993 they lived in Mississippi with their son. That year the wife filed for divorce in Mississippi, seeking child custody, child support and alimony. Several months later wife and son moved to Georgia and husband remained in Mississippi. In October 1995,

the Mississippi trial court issued its final order denying both parties' request for divorce. That order is on appeal in Mississippi. Following the October 1995 ruling, wife filed for divorce in Georgia and served husband while he was within this state. She also sought child custody, child support and alimony. The DeKalb County Superior Court held that it did not have jurisdiction over child custody under the Parental Kidnapping Prevention Act[1] and the Uniform Child Custody Jurisdiction Act.[2] The trial court then concluded it could not hear the petition for divorce because of Rule 24.7 and granted husband's motion to dismiss.

1. Rule 24.7 provides that "no divorce decree shall be granted unless all contestable issues in the case have been finally resolved." Contestable issues are those that are pending before the court and over which the court is authorized to exercise jurisdiction. "Contestable issues" cannot be determined by reference to the pleadings alone. Once the trial court determines that it lacks jurisdiction of an issue in a divorce case, that issue will not preclude the granting of a divorce. In the present case, once the trial court held that it had no jurisdiction to determine custody, child custody ceased to be a contestable issue and it did not preclude the court from addressing all issues over which it had jurisdiction, including divorce.

2. A review of statutes governing divorce and child custody supports the position that a trial court can grant a divorce even though child custody issues are pending elsewhere. While two statutes preclude a court from exercising jurisdiction in a child custody case when that issue is pending in another state,[3] no statutes address the effect of a pending divorce action in another state on the jurisdiction of a Georgia court. Additionally, the language of OCGA § 19-9-47 (f) expressly anticipates that courts of different states may decide different issues: "[i]f a custody determination is incidental to an action for divorce . . ., the court may decline to exercise [child custody jurisdiction] while retaining jurisdiction over the divorce." Finally, the concerns regarding conflicting determinations of child custody[4] are not implicated when the only issue is the parties' divorce.

Therefore, while the trial court correctly found that it cannot decide child custody because of the pendency of the Mississippi appeal, it erred in dismissing wife's petition for divorce.

*Judgment reversed. All the Justices concur.*

---

[1] 28 USC § 1738A.
[2] OCGA § 19-9-40.
[3] See 28 USC § 1738A (g); OCGA § 19-9-46 (a).
[4] See *Wilson v. Gouse*, 263 Ga. 887, 889 (441 SE2d 57) (1994).

Decided April 14, 1997.

*Koval & Rowan, Steven H. Koval,* for appellant.
*Katrina V. Shoemaker,* for appellee.