## S98A0400. HOLTSCLAW v. HOLTSCLAW.
(496 SE2d 262)

CARLEY, Justice.

In August of 1996, Phillip Holtsclaw (Husband) and Susan Holtsclaw (Wife) moved to Georgia. In October of 1996, she moved to Mississippi. In February of 1997, he filed suit in Georgia seeking a divorce and custody of their minor son. According to the allegations of Husband's complaint, the child had continued to reside with him in Georgia after Wife moved to Mississippi. Wife filed a "Motion to Dismiss Complaint and Inconvenient Forum" which asserted that the child had lived with her in Mississippi until February of 1997, when she allowed Husband to take the child to Georgia for a brief visit, but he refused to return the child to her. The trial court entered a temporary order awarding custody to Wife. Wife then withdrew her previous motion and filed a motion to transfer the custody issue to Mississippi. Citing OCGA § 19-9-47 (e) (1), the trial court dismissed the child custody proceedings based on its finding that Georgia was an inconvenient forum and that the child had a much closer connection with Mississippi. The trial court also dismissed the divorce action, because it believed that "the parties would be better served by having all disputed issues relating to the end of their marriage resolved in one action." Husband applied for discretionary appeal. The application was granted in order to determine whether a trial court with jurisdiction over the subject matter and the parties may dismiss a divorce petition if it determines that it is an inconvenient forum under OCGA § 19-9-47.

Because the courts of Georgia have no inherent authority to decline to exercise the jurisdiction otherwise granted by our constitu-

tion, the doctrine of forum non conveniens is generally controlled by statutory provisions. *Gay v. Piggly Wiggly Southern*, 183 Ga. App. 175, 182 (4) (358 SE2d 468) (1987); *Smith v. Bd. of Regents*, 165 Ga. App. 565 (302 SE2d 124) (1983). OCGA § 19-9-47 recognizes the applicability of the doctrine in the limited context of the Uniform Child Custody Jurisdiction Act. By its terms, OCGA § 19-9-47 (a) authorizes a court of this state to decline to exercise its jurisdiction to make a child custody determination "if it finds that it is an inconvenient forum . . . under the circumstances of the case and that a court of another state is a more appropriate forum." This case involves a contest between Husband and Wife concerning the custody of their minor child, and OCGA § 19-9-47 clearly authorized the trial court to decline to exercise its jurisdiction over that custody determination based upon the requisite finding that it was an inconvenient forum and that a Mississippi court was a more appropriate forum. However, this case also involves the issue of Husband's and Wife's divorce. In that regard, OCGA § 19-9-47 (f) provides: "If a custody determination is incidental to an action for divorce . . ., the court *may* decline to exercise its jurisdiction under this article while retaining jurisdiction over the divorce. . . ." (Emphasis supplied.) Thus, the issue presented for resolution is whether OCGA § 19-9-47 (f) is statutory authority for a trial court of this state to decline to exercise its jurisdiction over *both* the custody determination and the divorce. See *Norowski v. Norowski*, 267 Ga. 841 (483 SE2d 577) (1997) (Uniform Superior Court Rule 24.7 not authority for dismissal of Georgia divorce action based upon pending Mississippi custody proceeding).

"May" usually "denotes permission and not command." OCGA § 1-3-3 (10). Thus, Wife urges that OCGA § 19-9-47 (f) vests a trial court with the discretionary authority either to retain jurisdiction over the divorce or to decline to exercise its jurisdiction over both the custody and divorce issues. However, the statute nowhere expressly provides that the trial court "may" decline to exercise its jurisdiction over the divorce. According to its terms, OCGA § 19-9-47 (f) only provides that a trial court "may" decline to exercise its jurisdiction over the custody determination while retaining its jurisdiction over the divorce. Thus, it would appear that the statute establishes only that the trial court's retention of jurisdiction over the divorce proceeding will not serve as a limitation on its discretionary authority to dismiss the custody proceeding. Cf. *Norowski v. Norowski*, supra. A provision mandating that the pendency of the divorce will not limit a trial court's authority to dismiss the custody determination is not the equivalent of an authorization for a trial court to dismiss both the divorce and custody proceedings.

Moreover, "may" is not invariably construed as permissive, rather than mandatory. "[W]here the word as used concerns the pub-

lic interest or affects the rights of third persons, it shall be construed to mean 'must' or 'shall.' " OCGA § 1-3-3 (10). " 'In the construction of statutes, *may* is held to mean *shall* . . . where the thing to be done "is for the sake of justice, or for the public benefit." ' [Cit.]" (Emphasis in original.) *Jennings v. Suggs*, 180 Ga. 141, 142 (1) (178 SE 282) (1935). In the public interest of insuring justice for Georgia residents, OCGA § 19-5-2 provides that those who have lived here for at least a six-month period "are entitled to access to the courts of their own state for the purpose of dissolving their marriages and dividing any marital property actually located here." *Abernathy v. Abernathy*, 267 Ga. 815, 819 (482 SE2d 265) (1997). Once Husband satisfied this statutory six-month residency requirement, he acquired a constitutional right to seek a divorce from Wife in the superior court of the county of his residence. Art. VI, Sec. II, Par. I and Art. VI, Sec. IV, Par. I of the Ga. Const. of 1983. The doctrine of forum non conveniens cannot be used to deprive Husband of his right under the state constitution to litigate his divorce action in the superior court of the county of his residence. See *Richards v. Johnson*, 219 Ga. 771, 776 (2) (135 SE2d 881) (1964). Thus, the word "may" in OCGA § 19-9-47 (f) cannot be construed as a permissive authorization for a trial court to refuse to exercise its jurisdiction over both a divorce and a custody proceeding. The only construction of OCGA § 19-9-47 (f) which is consistent with the Georgia Constitution is as a limited grant of discretionary authority for a trial court to dismiss the custody issue while retaining its mandatory jurisdiction over a pending divorce action.

The trial court was authorized to dismiss the custody proceeding in accordance with OCGA § 19-9-47 (e) (1), but erred in dismissing the divorce proceeding as well. Accordingly, the dismissal order is affirmed in part and reversed in part.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 2, 1998.

*Florence J. Lytle,* for appellant.
*Arthur H. Marateck,* for appellee.