## S99A0244. PATTERSON v. PATTERSON.
### (519 SE2d 438)

HINES, Justice.

F. Henry Patterson and Evelyn Young Patterson were married February 13, 1993, in South Carolina. Their only child was born on December 8, 1990. The couple separated at the beginning of 1995. Mr. Patterson left South Carolina and moved to Georgia, leaving the child with Ms. Patterson in South Carolina. On April 2, 1996, Mr.

Patterson filed for divorce in South Carolina. In June 1996, while the divorce action was pending, Mr. Patterson brought the child to Georgia and entered him in school, and the child has since been residing in Georgia. The parties dispute the facts of the child's move to Georgia; Ms. Patterson contends that the child was taken without her knowledge or consent and that she did not know his whereabouts until this action was filed. Ms. Patterson does not contest Mr. Patterson's contention that the South Carolina divorce action was dismissed on January 3, 1997.[1]

On October 31, 1997, in the Superior Court of Clayton County, Mr. Patterson filed a petition for divorce and to legitimate the child, seeking child custody and support. At a hearing on June 24, 1998 that the court anticipated would be the trial of the case, Ms. Patterson contended jurisdiction of the child custody issue was in South Carolina.[2] After a brief discussion, the court stated it believed jurisdiction was proper in South Carolina and executed an order to that effect, dismissing the entire case.[3]

We granted Mr. Patterson's application for discretionary appeal to address whether the court properly dismissed the divorce portion of the suit when dismissing the child custody issue, and whether the court's ruling that child custody should be tried in South Carolina was properly made.

1. The courts of Georgia have no inherent authority to decline to exercise their jurisdiction, and when doing so will generally be governed by statutory provisions. *Holtsclaw v. Holtsclaw*, 269 Ga. 163, 163-164 (496 SE2d 262) (1998). Even where a court properly declines to exercise its jurisdiction over a child custody determination as an inconvenient forum, the court must retain jurisdiction over a properly filed divorce action. OCGA § 19-9-47 (f); *Holtsclaw*, supra at 165; *Norowski v. Norowski*, 267 Ga. 841 (483 SE2d 577) (1997). The parties do not dispute that Mr. Patterson may properly bring a divorce action in Clayton County, and the trial court erred in dismissing the divorce portion of the suit.

2. Under OCGA § 19-9-47 (a), a court that has jurisdiction over an initial child custody petition may nonetheless decline to exercise that jurisdiction if it finds that it is an inconvenient forum, and that a court of another state is a more appropriate forum.[4] "In determin-

---

[1] The record in this case contains nothing from the South Carolina action.

[2] She had raised this issue in her answer to the petition, but had filed no motion on the subject.

[3] The trial court had previously granted Mr. Patterson a divorce and sole custody over the child, but on June 1, 1998, that order was set aside on Ms. Patterson's motion, and the order dismissing the case is the order appealed.

[4] The trial court did not rule that the father had wrongfully taken the child from South Carolina and did not rely on OCGA § 19-9-48 (a) in dismissing the case. Nor did the court

ing if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction." OCGA § 19-9-47 (c). Here the court did not find that it was in the interest of the child that South Carolina assume jurisdiction; the court's only statement on the matter was that dismissing the Georgia case "may not be in the best interest of everybody." Further, OCGA § 19-9-47 (c) lists a variety of factors that a court may consider, among others, when determining if ruling that the court is an inconvenient forum is in the child's interest. The court relied on one of these factors, the child's closer connection with South Carolina. See OCGA § 19-9-47 (c) (2). However, no evidence about the child's connections to South Carolina or to Georgia was introduced, nor was evidence introduced about the child's interest. The parties' pleadings dispute the facts concerning the child's departure from South Carolina, and dispute what is in the child's interest.

The trial court made no inquiry into whether the law of South Carolina would allow a court of that state to exercise jurisdiction in this case. Without such an inquiry, the court could not determine whether a South Carolina court might be a better forum. See OCGA § 19-9-47 (a).[5] A court's authority to dismiss a custody proceeding under OCGA § 19-9-47 is discretionary. See *Holtsclaw*, supra at 164. Here, the court dismissed the child custody proceeding without sufficient inquiry and, under the facts of this case, this was an abuse of its discretion. The case must be remanded for a determination of whether, under the standards set forth in OCGA § 19-9-47, the court is an inconvenient forum for the child custody proceeding.[6]

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JULY 6, 1999.

*Tony H. Hight,* for appellant.
*James W. Bradley,* for appellee.

---

rule that Georgia was not the child's home state. See OCGA § 19-9-43 (a) (1).

[5] As it does not appear that any South Carolina court has made a child custody determination in this case, and no such action is pending, the Parental Kidnapping Prevention Act, 28 USC § 1738A, is not implicated. See *Garrett v. Garrett,* 267 Ga. 356 (477 SE2d 804) (1996).

[6] This does not preclude the trial court from deciding the case on a different basis.