In the Supreme Court of Georgia

Decided:   November 3, 2014

S14A1565.  SPIES v. CARPENTER.

THOMPSON, Chief Justice.

James Spies ("husband") and Cynthia Carpenter ("wife") were married in California on December 17, 2000.  They have two minor children, both of whom were born in that state.  Husband is a movie and television producer and a consultant.  The family moved to Tennessee for a film project in 2006, and then to the metropolitan Atlanta area in November of 2011.  The parties separated on August 6, 2013.  Wife returned to California with the children and enrolled them in school.  In the meantime, husband relocated to Virginia for another film project.

On October 17, 2013, wife filed suit in Superior Court of California for legal separation from husband, and he was personally served in Virginia. Thereafter, November 21, 2013, the California court entered an order temporarily awarding wife sole custody of the children. That same day, husband

filed a petition for divorce in Fulton County Superior Court, in which he requested, among other things, primary child custody. Wife entered a special appearance and moved to dismiss husband's petition on the ground that, inter alia, the trial court is an inconvenient forum under OCGA § 19-9-67 of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA").

On February 21, 2014, after consulting with the California court pursuant to the UCCJEA, the Fulton County trial court granted wife's motion and dismissed husband's entire case on the basis of forum non-conveniens. We granted husband's application for a discretionary appeal and posed this question: Did the trial court err in dismissing husband's entire divorce petition under OCGA § 19-9-67 (a), instead of dismissing only the child custody portion of the case? See Holtsclaw v. Holtsclaw, 269 Ga. 163, 163-164 (496 SE2d 262) (1998); OCGA § 19-9-67 (d); OCGA § 9-10-31.1 (effective February 16, 2005). We answer this question affirmatively.

1. In Holtsclaw v. Holtsclaw, supra, husband and wife moved to Georgia in August 1996. Wife moved to Mississippi two months later. In February 1997, husband filed suit in Georgia seeking a divorce and custody of the parties' minor child. Wife filed a "motion to dismiss complaint and inconvenient

forum" in which she asserted that the child lived with her in Mississippi until February 1997; that she then permitted husband to take the child to Georgia for a brief visit; but that he refused to return the child to her in Mississippi. The trial court entered a temporary order awarding temporary custody to wife. At that point, wife withdrew her previous motion and moved to transfer the custody issue to Mississippi. Finding that Georgia was an inconvenient forum and that the child was more closely connected to Mississippi, the trial court dismissed the custody proceedings and the divorce action, concluding that "the parties would be better served by having all disputed issues relating to the end of their marriage resolved in one action." Id. at 163. Husband sought, and this Court granted, discretionary review to decide "whether a trial court with jurisdiction over the subject matter and the parties may dismiss a divorce petition if it determines that it is an inconvenient forum under [former] OCGA § 19-9-47." Id. This Court concluded that, although the trial court had a limited grant of authority to dismiss the custody proceeding based upon a finding that it is an inconvenient forum, it erred in dismissing the divorce action because husband had a state constitutional right to litigate his divorce case in the county of his residence, and the doctrine of forum non conveniens could not be used to

3

deprive husband of that right. Id. at 165.

We find Holtsclaw to be controlling authority in this case. Thus, although the trial court was authorized to dismiss the custody portion of husband's case on the basis of forum non conveniens, OCGA § 19-9-67 (d), it erred in dismissing the divorce case as well.

We recognize that our legislature enacted OCGA § 9-10-31.1 in 2005 to enable a trial court to decline to exercise jurisdiction under the doctrine of forum non conveniens in matters other than child custody. See generally Hawthorn Suites Golf Resorts, LLC v. Feneck, 282 Ga. 554 (651 SE2d 664) (2007). Arguably, this code section could serve to modify the holding in Holtsclaw to allow a trial court to dismiss a divorce action along with a child custody proceeding. However, it is clear that the trial court did not expressly invoke OCGA § 9-10-31.1 to dismiss the divorce portion of the case and we find nothing in the record showing that the trial court considered the factors enumerated in that statute. See Wang v. Liu, 292 Ga. 568 (1) (740 SE2d 136) (2013) (to permit meaningful appellate review of grant or denial of motion to dismiss under the doctrine of forum non conveniens, trial court must record the essential reasoning that forms the basis for its exercise of discretion). Because

4

the trial court has not considered OCGA § 9-10-31.1 and wife has not argued its application in this appeal, we do not presently consider its application in this case.

Wife asserts the trial court was authorized to dismiss husband's petition for divorce independently because husband did not reside in Georgia for six months prior to filing suit. See OCGA § 19-5-2; Abernathy v. Abernathy, 267 Ga. 815, 816 (482 SE2d 265) (1997) (party seeking divorce only needs to show domicile in this state for six months before filing petition). This assertion must fail because the trial court dismissed this action on the basis of forum non conveniens solely pursuant to OCGA § 19-9-67 and made no findings with respect to husband's residency. Compare Conrad v. Conrad, 278 Ga. 107, 108 (597 SE2d 369) (2004) (dismissal of wife's divorce petition was affirmed where trial court found wife was not a bona fide resident for six months before the petition was filed).

2. As to the custody portion of the case, husband contends the trial court abused its discretion in determining that California is the more appropriate forum. We disagree. The trial court examined all eight of the factors set forth in OCGA § 19-9-67 (b) and declined to exercise jurisdiction because, inter alia,

(1) the children had been living with their mother in California for more than six months and have been attending school in that state; (2) husband was the primary breadwinner throughout the marriage and is more able to litigate in California than mother is able to litigate in Georgia; and (3) the California court had already conducted two hearings and issued a child custody order, whereas the Fulton County trial court was just becoming familiar with the case. In light of these factors, it cannot be said the trial court abused its discretion in finding that the custody case could be resolved more expeditiously in California. See Odion v. Odion, 325 Ga. App. 733, 734-736 (754 SE2d 778) (2014).

Judgment affirmed in part and reversed in part. All the Justices concur.