**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 28, 2021**

# In the Court of Appeals of Georgia

A21A0931. IN RE SHAWN DONOVAN STROUD et al.

MERCIER, Judge.

Shawn Donovan Stroud and Chelsea-Sierra Lawson filed a petition to amend their marriage record, which the Probate Court of Cobb County denied. Stroud and Lawson appeal the denial, claiming that the probate court denied their petition due to its misunderstanding of the applicable law, OCGA § 31-10-23.[1] Finding no error, we affirm.

---

[1] Stroud and Lawson initially filed their appeal in the Superior Court of Cobb County, but they later filed a motion to transfer the appeal to this Court, which the superior court granted. As the Cobb County Probate Court sits in a county with a population over 90,000, its final orders are directly appealable to this Court. See OCGA §§ 15-9-120 (2), 15-9-123 (a); Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII ("Any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere."); *In re Estate of Dasher*, 259 Ga. App. 201 (576 SE2d 559) (2002) (Cobb County's population exceeds 90,000).

Stroud and Lawson were married in August of 2018, but at the time Stroud's name was "Shawn Courtney Jr.". In June 2019 Stroud filed a petition to change his name from "Shawn Courtney Jr." to "Shawn Donovan Stroud," which the superior court granted. Thereafter, Stroud and Lawson filed a petition to amend their marriage record, seeking to change Stroud's name on the marriage certificate from "Shawn Courtney Jr." to "Shawn Donovan Stroud." The probate court denied the petition, holding that "the name listed in the Marriage Certificate was Mr. Stroud's last name at the time of the marriage and that his name was subsequently changed by Order of the Superior Court of Cobb County and that no errors occur on the face of the Marriage Certificate."

"We begin by noting that the interpretation of a statute is a question of law, which is reviewed de novo on appeal. Indeed, when only a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the plain legal error standard of review." *Kemp v. Kemp*, 337 Ga. App. 627, 632 (788 SE2d 517) (2016) (citations and punctuation omitted).

OCGA § 31-10-23 (a) provides that "[u]nless otherwise specified by law, a certificate or report registered under this chapter may be amended in accordance with this chapter and regulations adopted by the department to protect the integrity and

2

accuracy of vital records."[2] The term "'[m]ay' usually denotes permission and not command." *Holtsclaw v. Holtsclaw*, 269 Ga. 163, 164 (496 SE2d 262) (1998) (citing OCGA § 1-3-3 (10)). "However, where the word as used concerns the public interest or affects the rights of third persons, it shall be construed to mean 'must' or 'shall.'" OCGA § 1-3-3 (10). Here, it is in the public interest to have accurate vital records. See generally *Holtsclaw*, supra at 165 (O.C.G.A. § 19-5-2, which provides that those who have lived in Georgia for at least six-months are entitled to access to Georgia courts for the purpose of dissolving their marriages and dividing any marital property located here, is "[i]n the public interest of insuring justice for Georgia residents"). Therefore, a court must amend a marriage certificate if the amendment would protect the integrity and accuracy of vital records. See generally id.; OCGA § 31-10-23 (a).

Here, however, Stroud and Lawson have not shown that their requested change would in fact protect the integrity or accuracy of their marriage certificate. They do not claim that the marriage certificate contains an error, just that Stroud's name

---

[2] Stroud and Lawson have not pointed to any other law that provides for a procedure to amend their marriage certificate, and our research has not found any. While Stroud and Lawson cite to Georgia Rules and Regulations regarding vital records, the rules provide procedures, such as the necessary documents to support a petition, and the regulations specifically state that the rules apply "[u]nless otherwise provided . . . by Statute[.]" See Ga. Comp. R. & Regs., r. 511-1-3-.25 (1).

3

subsequently changed after the certificate was issued. Their marriage record accurately states Stroud's name at the time of their marriage. Stroud's subsequent name change does not require amendment to protect the integrity and accuracy of vital records. As such, we find that the probate court did not err by denying Stroud and Lawson's petition.

*Judgment affirmed. Dillard, P. J., and Pinson, J., concur*.