A06A1109. FEDERAL INSURANCE COMPANY v. CHICAGO INSURANCE COMPANY.
(635 SE2d 411)

ELLINGTON, Judge.

Federal Insurance Company ("Federal") appeals from the order of the Superior Court of Fulton County dismissing this case on forum non conveniens grounds pursuant to OCGA § 9-10-31.1. Because the trial court failed to make the findings of fact required to support its decision, we vacate the dismissal order, reinstate the case below, and remand for further proceedings.

Georgia's forum non conveniens statute provides, in relevant part:

> If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a forum outside this state . . . , the court shall decline to adjudicate the matter under the doctrine of forum non conveniens. As to a claim or action that would be more properly heard in a forum outside this state, the court shall dismiss the claim or action. . . . In determining whether to grant a motion to dismiss an action . . . under the doctrine of forum non conveniens, the court shall give consideration to the following factors:
> (1) Relative ease of access to sources of proof;
> (2) Availability and cost of compulsory process for attendance of unwilling witnesses;
> (3) Possibility of viewing of the premises, if viewing would be appropriate to the action;
> (4) Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy;
> (5) Administrative difficulties for the forum courts;

(6) Existence of local interests in deciding the case locally; and

(7) The traditional deference given to a plaintiff's choice of forum.

OCGA § 9-10-31.1 (a). When a court applies this statute, it must make oral or written findings of fact reflecting an analysis of the "procedural framework" of the statute, specifically considering and weighing each of the seven factors enumerated. *Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242, 248-249 (2) (614 SE2d 875) (2005).[1] An order dismissing a case under OCGA § 9-10-31.1 is reviewed for an abuse of discretion. Id. at 248 (2).

The record shows that Federal sued Chicago Insurance Company ("Chicago") in Fulton County seeking contribution and subrogation from Chicago for amounts paid by Federal on behalf of an insured to settle a Mississippi wrongful death action. None of the parties in that underlying, settled wrongful death suit was a Georgia resident. Although Chicago and Federal are authorized to write policies in Georgia and have registered agents for service of process in Georgia,[2] neither company is headquartered here. None of the insurance policies in dispute was issued in Georgia. The relevant documents and witnesses are not in Georgia, and some witnesses may be beyond the subpoena power of the court. Litigating in Georgia would be cumbersome and expensive for the parties, requiring travel for depositions outside of Georgia and possibly the retention of local counsel. The trial court concluded the case would be burdensome because it added to the court's case load, required the court to apply foreign law, and required the court to bear expenses, like the cost of funding a jury.

It appears Federal chose to sue Chicago in Georgia because Georgia's applicable six-year statute of limitation period had yet to expire.[3] Federal waited five years and nine months from the date of

---

[1] In *Hewett*, we explained:
The doctrine of forum non conveniens is unique in the law because it allows a trial court to dismiss a suit that otherwise meets all of the jurisdiction and venue requirements for access to our courts on the grounds of administrative efficiency and convenience. We believe that in this unique context, it is particularly important that the decision of the trial court be an exercise in structured discretion founded on a procedural framework guiding the court's decision making process. In order to ensure as much, we therefore hold that before dismissing a case on the ground of forum non conveniens, a trial court must make specific findings either in writing or orally on the record demonstrating that the court has considered all seven of the factors set forth in OCGA § 9-10-31.1 (a). A summary order is not sufficient.
(Citations, punctuation and footnote omitted.) Id. at 248-249 (2).

[2] The court below did not address Chicago's personal jurisdiction arguments.

[3] OCGA § 9-3-24 provides that actions on simple contracts in writing must be brought

settlement to file suit. Although Federal admitted it might find another forum to litigate this suit,[4] neither it nor Chicago identified an alternative forum in which the suit "would be more properly heard."

In its dismissal order, the superior court discussed each of the seven enumerated factors in determining that litigation between the parties would be generally inconvenient in Georgia; however, it analyzed those factors in a vacuum, without identifying an existing alternative forum in which the action "would be more properly heard." Further, the court did not find that dismissing the case would serve "the interest of justice." Chicago argues that these are not requirements of the forum non conveniens doctrine as codified because they are not included in the seven factors.

The seven factors set forth in OCGA § 9-10-31.1 (a), however, are not the core expression of the forum non conveniens doctrine. Rather, the seven factors are a list of public and private interests the court must consider in determining whether "in the interest of justice" and "for the convenience of the parties and witnesses" a claim or action "would be more properly heard in a forum outside this state." See OCGA § 9-10-31.1 (a). It is not the seven enumerated factors, but the first sentence of the statute that expresses the core concepts of the forum non conveniens doctrine.[5] This fundamental expression, in conjunction with the seven factors, comprises the larger "procedural framework" of the statutory forum non conveniens doctrine. The seven factors are a means to an end: They serve to guide the court

within six years from the time the cause of action arises. "A contract of insurance not executed under seal is a simple contract in writing." (Citations and punctuation omitted.) *Lester v. Aetna Life Ins. Co.*, 172 Ga. App. 486, 487 (1) (323 SE2d 655) (1984).

[4] Because Chicago complied with OCGA § 9-10-31.1 (b) and stipulated that it waived its statute of limitation defense in any other state in which Federal might bring suit, Federal's claims would not be time-barred in those forums, assuming such exist.

[5] Before OCGA § 9-10-31.1 was enacted, the doctrine of forum non conveniens was a principle of the common law. *AT&T Corp. v. Sigala*, 274 Ga. 137 (549 SE2d 373) (2001). In that case, the Supreme Court of Georgia held that trial courts, in the exercise of their discretion, may dismiss suits brought by nonresident aliens injured in a foreign country when an adequate alternative forum is available and certain public and private interest factors weigh in favor of dismissal. Id. at 138-139. In summarizing the forum non conveniens doctrine as it then existed in the federal courts, the Court articulated a multipart test that expressly included the existence of an adequate alternative forum: "[A] district court has the discretion to dismiss a lawsuit when there is *an adequate alternative forum* in a foreign court and dismissal best serves *the convenience of the parties* and *the ends of justice*." (Footnote omitted; emphasis supplied.) Id. at 138. These key elements of the doctrine also appear in the first sentence of the statute, albeit less precisely delineated. Further, that an alternative forum must be compared with the Georgia forum is also implicit in the seven public and private interest factors listed in the statute. For example, factor (1) asks a court to weigh the "*[r]elative* ease of access to sources of proof" and factor (5) asks a court to compare the administrative difficulties faced by the "forum courts," not just the Georgia forum. The factors are meant to assist the court in *comparing* forums.

toward a reasoned and just finding on whether the case is one which "would be more properly heard in a forum outside the state."

It is impossible to determine whether a forum outside the state is *more* proper when no adequate alternative forum has been identified and compared with the Georgia forum. Dismissing a case on forum non conveniens grounds without making this comparison is both contrary to the statutory mandate and an abuse of discretion. Therefore, we hold that before a court may dismiss a suit under OCGA § 9-10-31.1 (a), it must find on the record that (1) an adequate alternative forum exists, (2) that dismissal serves the interest of justice and the convenience of the parties and witnesses (as guided by a consideration of the seven enumerated factors), and that, therefore, (3) the claim or action is more properly heard in a forum outside the state. Because the court in the instant case failed to make all of these findings, we must vacate the dismissal order, reinstate the case below, and remand for further proceedings consistent with this opinion.

*Judgment vacated and case remanded with instruction. Johnson, P. J., and Miller, J., concur.*

DECIDED AUGUST 16, 2006.

*Owen, Gleaton, Egan, Jones & Sweeney, W. Seaborn Jones, Derrick L. Bingham,* for appellant.

*Fields, Howell, Athans & McLaughlin, Alissa C. Malone, Gregory L. Mast,* for appellee.