A07A1408. KENNESTONE HOSPITAL, INC. v. LAMB et al.

(653 SE2d 858)

BARNES, Chief Judge.

We granted the application of Kennestone Hospital, Inc. d/b/a Wellstar Kennestone Hospital, and Wellstar Health System, Inc. (Kennestone) for an interlocutory appeal contesting an order denying Kennestone's motion to transfer venue from Fulton County to Cobb County. Finding that the trial court abused its discretion in this case, we vacate and remand for further proceedings.

Georgia's forum non conveniens statute, OCGA § 9-10-31.1, became effective on February 16, 2005, while this case was pending. The statute applies retroactively. *EHCA Cartersville, LLC v. Turner*, 280 Ga. 333, 337 (3) (626 SE2d 482) (2006). We must construe the statute to give words their plain and ordinary meaning. OCGA § 1-3-1.

Georgia's forum non conveniens statute provides, in relevant part:

> If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard . . . *in a different county of proper venue within this state*, the court shall decline to adjudicate the matter under the doctrine of forum non conveniens.

(Emphasis supplied.) OCGA § 9-10-31.1 (a). The statute further lists seven factors for the trial court to consider in ruling on a motion to dismiss or to change venue.

Kennestone argues that the trial court erred by failing to weigh and consider the seven factors listed in OCGA § 9-10-31.1 (a) and by failing to make oral or written findings demonstrating deliberation of those factors. We review a trial court's denial of a motion to transfer venue pursuant to Georgia's forum non conveniens statute for abuse of discretion. *Fed. Ins. Co. v. Chicago Ins. Co.*, 281 Ga. App. 152, 153 (635 SE2d 411) (2006). "When a court applies this statute, it must make oral or written findings of fact reflecting an analysis of the 'procedural framework' of the statute, specifically considering and weighing each of the seven factors enumerated." Id. In its denial of the motion, the trial court in this case did not make express findings addressing the factors set forth in OCGA § 9-10-31.1 (a), either orally or in its written order.

Ronald and Mary Lamb argue that specific findings are only required in rulings on motions to dismiss, not in rulings on motions to transfer, citing *Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242, 248 (2) (614 SE2d 875) (2005). In *Hewett*, we held that, "before dismissing a case on the ground of forum non conveniens, a trial court

must make specific findings either in writing or orally on the record demonstrating that the court has considered all seven of the *factors* set forth in OCGA § 9-10-31.1 (a)." Id. at 248-249 (2). The Lambs contend that this language means the findings are not necessary for orders addressing the transfer of venue. We did not hold in *Hewett*, however, that the findings are required *only* for orders of dismissal. Georgia's forum non conveniens statute does not distinguish between motions to dismiss and motions to transfer, but rather states that "[i]n determining whether to grant a motion *to dismiss an action or to transfer venue* under the doctrine of forum non conveniens, the court shall give consideration" to the seven factors. (Emphasis supplied.) OCGA § 9-10-31.1 (a). Therefore, trial courts must consider the factors in ruling on either kind of motion.

The Lambs further argue that specific oral or written findings concerning each of the factors are necessary only when the court grants a motion to transfer, and not when it denies one. No language in OCGA § 9-10-31.1 supports this interpretation of the statute. We will not read into Georgia's forum non conveniens statute limiting language that the General Assembly did not include. The language in OCGA § 9-10-31.1, "[i]n determining whether to grant a motion," does not specify that only granted motions require that a court expressly consider the enumerated factors. Therefore, we will not limit the requirement that trial courts make specific findings of fact only when granting a motion to transfer.

Finally, the Lambs argue that, because Kennestone prepared the written order denying the motion to transfer venue, it cannot now argue the order is insufficient. Generally, "one cannot complain of a judgment, order, or ruling that her own procedure or conduct procured or aided in causing." *Dept. of Human Resources v. Phillips*, 268 Ga. 316, 320 (2) (486 SE2d 851) (1997). However, the trial court also failed to make the requisite findings of fact orally at the motion hearing. Kennestone could not add to the written order findings of fact not made by the trial court.

Because the trial court in this case did not expressly weigh and consider the factors listed in OCGA § 9-10-31.1, we must vacate the order denying the motion to transfer venue and remand for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. Smith, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 7, 2007.

*Hall, Booth, Smith & Slover, Ashley D. Phillips, Joseph C. Sullivan*, for appellant.

 

*Powell Goldstein, L. Lin Wood, Jr., Katherine V. Hernacki, Margaret M. Kane, Allen, McCain & O'Mahoney, Hunter S. Allen, Jr., Arnall, Golden & Gregory, Robert T. Strang III, Wayne Grant, Kimberly W. Grant,* for appellees.