## A07A2344. GEORGIA CASUALTY & SURETY COMPANY v. VALLEY WOOD, INC.

(659 SE2d 410)

SMITH, Presiding Judge.

In this interlocutory appeal, Georgia Casualty & Surety Company ("Georgia Casualty") appeals from the Superior Court of Haralson County's order transferring Georgia Casualty's declaratory judgment action to the Superior Court of Muscogee County. Georgia Casualty asserts: (1) that the trial court's order did not comply with the procedural requirements for transfer based upon convenience; (2) that the vanishing venue doctrine should not be applied to the facts of this case to affirm the trial court's transfer order; and (3) that its declaratory judgment action was an action in equity not subject to transfer for vanishing venue. For the reasons set forth below, we vacate the trial court's order transferring this case to Muscogee County and remand for further proceedings consistent with this opinion.

The record shows that Joyce Davis, a Haralson County resident, sued Valley Wood in Haralson County for breach of a timber cutting contract and various tort claims. Valley Wood made a claim for insurance coverage to its insurer, Georgia Casualty, in connection with Davis's lawsuit, as well as for theft by its employee, Robert Ziegelasch. Georgia Casualty subsequently filed a declaratory judgment action against Davis, Valley Wood, and Ziegelasch in Haralson County seeking a declaration that: (1) it had no obligation to provide a defense or indemnity to any of the named defendants for Davis's claims and (2) the policy provided no coverage for Valley Wood's first party theft claim.

Over a year later, Davis settled with Valley Wood and moved to be dismissed from Georgia Casualty's declaratory judgment action. The trial court granted her motion in an order titled "Order Dismissing Joyce Davis *With Prejudice*." In the body of its order, however, the trial court ruled:

> Ms. Davis has acknowledged that she has had the opportunity to fully litigate those issues in this case, but because she has already obtained relief on her claims, has determined that it is no longer necessary for her to do so, and she is hereby dismissed *with prejudice* as to her right or any person claiming in her stead to obtain judgment against Georgia Casualty Insurance Company, or damages from it relating to the claims at issue in the underlying tort lawsuit or in this case.

After the "dismissal" of Davis, Valley Wood moved to transfer the declaratory judgment action to Muscogee County based upon the doctrine of "vanishing venue" and its lack of any ties to Haralson County. Following a hearing, the trial court issued the following order transferring the case to Muscogee County:

> As: 1) Muscogee County is the location of Valley Wood, Incorporated's principal office and operational headquarters; and 2) Orders of Default Judgment against Robert Ziegelasch and Dismissal With Prejudice as to Joyce Davis were signed by this Court, thus leaving Valley Wood, Incorporated as the sole litigant in this case, this Court finds that in the best interests of justice and economical and expeditious resolution of the case, that this case be transferred to the Superior Court of Muscogee County.

Georgia Casualty appeals from the transfer order, following this court's grant of its application for interlocutory appeal.

1. Georgia Casualty asserts that we must vacate the trial court's transfer order, because the trial court failed to make oral or written findings demonstrating that it weighed and considered the seven factors listed in OCGA § 9-10-31.1 (a). We agree.

In *Kennestone Hosp. v. Lamb*, 288 Ga. App. 289, 290 (653 SE2d 858) (2007), we held that a trial court must make specific oral or written findings on all seven of the factors in its ruling on a motion to dismiss *or* transfer under OCGA § 9-10-31.1 (a), whether the trial court grants or denies the motion. In this case, the trial court's written order does not demonstrate that it considered all seven factors.

Valley Wood asserts that Georgia Casualty has not met its burden of showing error by the record since there is no transcript of the hearing. While we are required to presume regularity in judicial proceedings, the lack of appropriate findings in the trial court's written order "overcomes the presumption of regularity. [Cit.]" *Gilchrist v. Gilchrist*, 287 Ga. App. 133, 134 (1) (650 SE2d 795) (2007).

Because the trial court failed to make the requisite findings in its order, we must vacate the transfer order and remand this case to the trial court for further proceedings consistent with this opinion.

2. Valley Wood asserts that we should affirm the trial court's transfer order based upon the alternative ground of "vanishing venue." We disagree.

The doctrine of vanishing venue applies only when a resident defendant is "discharged from liability before or upon the return of a verdict by the jury or the court hearing the case without a jury." OCGA § 9-10-31 (d). In *Nalley v. Baldwin*, 261 Ga. App. 713 (583 SE2d

544) (2003), we held "that the entry of a consent judgment is not a discharge from liability within the meaning of [OCGA § 9-10-31]. . . . The controlling fact which governs the retention of jurisdiction over the non-resident is the legal resolution of liability on the part of the resident." (Citation, punctuation and footnote omitted.) Id. at 714.

In this case, the substance of the order dismissing Davis from the suit was that of a consent order. Georgia Casualty sought a declaration from the superior court that it owed no duty to provide insurance coverage to Davis for her claim against Valley Wood. The dismissal order provided the exact relief sought by Georgia Casualty: Davis agreed that she would not seek benefits under the Georgia Casualty policy. Under these circumstances, it cannot be said that Davis was "discharged from liability" in the suit filed by Georgia Casualty. Because Georgia Casualty obtained the relief it sought from Davis, the trial court did not lose jurisdiction under the vanishing venue doctrine embodied in OCGA § 9-10-31 (d).

3. Our holding in Division 2 renders Georgia Casualty's remaining enumeration of error moot.

*Judgment vacated and case remanded. Barnes, C. J., and Miller, J., concur.*

DECIDED MARCH 7, 2008.

*Jon B. McPhail*, for appellant.
*Waldrep, Mullin & Callahan, Clarence M. Mullin, Neal J. Callahan*, for appellee.