A10A0213. GRAYROBINSON, P.A. v. SMITH et al.
(690 SE2d 656)

ANDREWS, Presiding Judge.

We granted an application for an interlocutory appeal by Gray-Robinson, P.A., a Florida law firm and the defendant in plaintiffs' refiled action for legal malpractice, fraud, and other claims. Gray-Robinson argues that the trial court erred when it denied its motion to dismiss the refiled action after it had dismissed the original action on the ground that Georgia was not a convenient forum. Gray-Robinson also argues that plaintiffs' state RICO claims are precluded and that their malpractice claims are insufficient for failure to file an expert affidavit under OCGA § 9-11-9.1. Because the trial court failed to make the required findings concerning forum non conveniens, we vacate the order denying the motion to dismiss and remand for further proceedings.

---

The record shows that plaintiff Doug Olvey became embroiled in litigation concerning Design Pallets, Inc. (DPI), a closely held Florida corporation of which he and his brother Mike were both principal shareholders. In 2005, Doug Olvey and others filed an action in Bulloch County, Georgia, against DPI's one-time corporate counsel, Frank Hamner, and his law firm, GrayRobinson, as well as other defendants. The 2005 Georgia complaint raised numerous claims including negligence, professional malpractice, fraud, and Georgia RICO.

In November 2006, plaintiffs settled both the Florida and the Georgia actions with all defendants except Hamner and GrayRobinson. These two remaining defendants then filed a motion to dismiss for forum non conveniens, arguing that the case concerned the conduct of Florida lawyers on Florida matters. Citing OCGA § 9-10-31.1, the trial court found that Florida was indeed a more appropriate forum because (i) some important witnesses could not be compelled to testify in Georgia; (ii) with the dismissal of claims against Mike Olvey, a Bulloch County resident, the case "lack[ed] any substanti[al] local connection"; (iii) Bulloch County was not convenient to the remaining defendants; and (iv) in the context of the remaining claims for legal malpractice, Florida courts had "a far greater interest in ensuring the integrity of local legal representation" than any Georgia court. For these reasons, the Georgia trial court granted the motion to dismiss but granted plaintiffs leave to refile their claims in Florida.

In April 2007, some plaintiffs filed a second complaint in the federal Middle District of Florida against GrayRobinson for claims including malpractice, fraud, and Florida and federal RICO. The federal court granted GrayRobinson summary judgment on plaintiffs' federal RICO claims and dismissed the remaining state law claims with leave to refile in state court.

Plaintiffs then returned to Bulloch County and filed the instant action in September 2008. GrayRobinson moved to dismiss this third action as well, arguing that (i) the action was precluded by the trial court's previous ruling on forum non conveniens, (ii) the remaining claims were precluded by the federal court's order granting summary judgment, and (iii) plaintiffs' expert affidavit was insufficient because the expert lawyer was not a member of the Florida Bar. The trial court denied the motion to dismiss on the first and third of these grounds and issued a certificate of immediate review. This interlocutory appeal followed.

1. OCGA § 9-10-31.1 provides in relevant part:

(a) If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the

parties and witnesses a claim or action would be more properly heard in a forum outside this state or in a different county of proper venue within this state, the court shall decline to adjudicate the matter under the doctrine of forum non conveniens. *As to a claim or action that would be more properly heard in a forum outside this state, the court shall dismiss the claim or action. . . . In determining whether to grant a motion* to dismiss an action or to transfer venue under the doctrine of forum non conveniens, *the court shall give consideration to the following factors*: (1) Relative ease of access to sources of proof; (2) Availability and cost of compulsory process for attendance of unwilling witnesses; (3) Possibility of viewing of the premises, if viewing would be appropriate to the action; (4) Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy; (5) Administrative difficulties for the forum courts; (6) Existence of local interests in deciding the case locally; and (7) The traditional deference given to a plaintiff's choice of forum.

(Emphasis supplied.)

"The determination of whether to transfer a case pursuant to OCGA § 9-10-31.1 (a) is a matter within the trial court's discretion, and, absent an abuse of that discretion, the trial court's decision should be affirmed." *Hawthorn Suites Golf Resorts v. Feneck*, 282 Ga. 554, 556 (3) (651 SE2d 664) (2007). However, " '[w]hen a court applies this statute, it *must* make oral or written findings of fact reflecting an analysis of the "procedural framework" of the statute, specifically considering and weighing each of the seven factors enumerated.' " (Emphasis supplied.) *Kennestone Hosp. v. Lamb*, 288 Ga. App. 289 (653 SE2d 858) (2007), quoting *Fed. Ins. Co. v. Chicago Ins. Co.*, 281 Ga. App. 152, 153 (635 SE2d 411) (2006).

As it considered defendants' motion to dismiss the refiled Georgia action, the trial court referred to its previous order as well as to authority suggesting that a plaintiff seeking a new forum " 'must do more than ask for a rebalancing of forum non conveniens considerations[, but] must show objective facts relevant to the issue that materially alter the considerations underlying the previous resolution.' " *Ex parte Ford Motor Credit Co.*, 772 S2d 437, 441 (Ala. 2000), quoting *Exxon Corp. v. Chick Kam Choo*, 817 F2d 307, 314 (5th Cir. 1987), rev'd on other grounds, 486 U. S. 140 (108 SC 1684, 100 LE2d 127) (1988). Without addressing the factors set out in OCGA § 9-10-31.1, however, and citing an unpublished federal decision, the trial court held that the issue was not precluded and denied the defendants' motion to dismiss.

YALE LAW LIBRARY

The issue of forum non conveniens might not be precluded where a plaintiff can show a trial court facts "that materially alter the considerations underlying the previous resolution" of the issue. *Exxon*, supra, 817 F2d at 314. Here, the trial court reversed its own previous resolution, presumably on the basis of such facts, but failed to make "specific findings either in writing or orally on the record demonstrating that the court ha[d] considered all seven of the factors set forth in OCGA § 9-10-31.1 (a)." (Citations and punctuation omitted.) *Kennestone*, 288 Ga. App. at 290. As a result, we cannot determine whether the trial court's denial of the motion to dismiss the refiled action was or was not an abuse of discretion. We therefore pretermit the question of issue preclusion, vacate the order denying the motion to dismiss, and remand for further proceedings consistent with this opinion. Id. (vacating transfer order where trial court failed to make proper findings under OCGA § 9-10-31.1).

2. Because we vacate the order denying the motion to dismiss, we decline to reach the questions whether plaintiffs' Georgia RICO claims are precluded and whether their expert affidavit satisfies the requirements of OCGA § 9-11-9.1.

*Judgment vacated and case remanded. Ellington and Doyle, JJ., concur.*

DECIDED JANUARY 26, 2010 —
RECONSIDERATION DENIED FEBRUARY 16, 2010 — ▮

*Brown, Rountree & Stewart, Charles H. Brown, Laura H. Wheaton*, for appellant.

*Callaway, Neville & Brinson, William J. Neville, Jr., Edenfield, Cox, Bruce & Classens, Gerald M. Edenfield, Susan W. Cox, Lovett Bennett, Jr.*, for appellees.