A09A2234. LAMB et al. v. JAVED et al.

(692 SE2d 861)

PHIPPS, Judge.

Ronald and Mary Lamb challenge the judgment entered upon the jury's verdict against them in this medical malpractice case, complaining that the case was transferred and then adjudicated out of their preferred venue. For reasons that follow, we affirm.

In 2003, the Lambs filed their action in Fulton County Superior Court against Tariq Javed, M.D.; Kennestone Hospital, Inc. d/b/a WellStar Kennestone Hospital; and WellStar Health System, Inc. The corporate defendants filed a motion to transfer the case to Cobb County under Georgia's forum non conveniens statute, OCGA § 9-10-31.1. In so doing, they pointed out that their registered offices were in Cobb County; the hospital, where the alleged professional negligence occurred, was located in Cobb County; and that even the Lambs themselves lived in Cobb County. In addition, the corporate defendants claimed that the only connection the case had with Fulton County was that the defendant physician, Javed, maintained a residence in Fulton County. The corporate defendants accompanied their transfer motion with Javed's affidavit, wherein the physician supported the transfer and cited various circumstances and demands of his neurosurgery practice, which was exclusively in Cobb County.

Pursuant to OCGA § 9-10-31.1:

> If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard . . . in a different county of proper venue within this state, the court shall decline to adjudicate the matter under the doctrine of forum non conveniens. . . . As to a claim or action that would be more properly heard in a different county of proper venue within this state, the venue shall be transferred to the appropriate county. In determining whether to grant a motion to dismiss an action or to transfer venue under the doctrine of forum non conveniens, the court shall give consideration to [seven enumerated factors].[1]

The Fulton County Superior Court held a hearing. Each side, having briefed the issues, further orally argued their contrary positions on whether consideration of the seven statutory factors warranted a venue transfer. The court thereafter denied the transfer motion. This ruling was vacated on interlocutory appeal in *Kennestone Hosp. v. Lamb*[2] because "[i]n its denial of the motion, the trial

---

[1] OCGA § 9-10-31.1 (a). This subsection further lists the seven factors as: (1) relative ease of access to sources of proof; (2) availability and cost of compulsory process for attendance of unwilling witnesses; (3) possibility of viewing of the premises, if viewing would be appropriate to the action; (4) unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy; (5) administrative difficulties for the forum courts; (6) existence of local interests in deciding the case locally; and (7) the traditional deference given to a plaintiff's choice of forum. OCGA § 9-10-31.1 (a) (1)-(7).

[2] 288 Ga. App. 289 (653 SE2d 858) (2007).

court in this case did not make express findings addressing the factors set forth in OCGA § 9-10-31.1 (a), either orally or in its written order."[3]

On remand, the Fulton County Superior Court granted the motion. The case proceeded to trial in Cobb County Superior Court, where a jury found against the Lambs. Seeking relief from the judgment entered upon the defense verdict, the Lambs challenge the transfer.

1. The Lambs contend that the Fulton County Superior Court "erred by failing to respect and carry into full effect in good faith the decision and direction of the Court of Appeals in *Kennestone Hospital v. Lamb*" in that it failed to make oral or written findings of fact reflecting an analysis of the seven factors enumerated in OCGA § 9-10-31.1 (a).

But the Lambs failed to object below about this *specific* issue and thus did not give the trial court opportunity to correct the alleged error. They assert that they nevertheless preserved this claim of error because they filed a notice of appeal within 30 days of entry of final judgment. Generally, "[n]o matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further."[4] That is, a party cannot ignore that which he or she thinks to be error, take a chance on a favorable outcome, and complain later.[5]

But even assuming that the Lambs did not waive the specific issue raised in this contention, the record does not support their claim. The record demonstrates that the Fulton County Superior Court did make "written findings of fact reflecting an analysis of the

---

[3] Id.

[4] *Compton v. State*, 281 Ga. 45, 46 (2) (635 SE2d 766) (2006) (citation and punctuation omitted).

[5] *Facey v. Facey*, 281 Ga. 367, 368-369 (1) (638 SE2d 273) (2006); see generally *Agri-Cycle LLC v. Couch*, 284 Ga. 90, 91 (1) (663 SE2d 175) (2008) (a litigant who has knowledge of all the facts may not sit idly by while a trial verdict is entered against him and then set the whole procedure aside on a venue defense which should have been raised prior thereto); *Abushmais v. Erby*, 282 Ga. 619, 621-622 (2) (652 SE2d 549) (2007) (where appellants failed to challenge propriety of transfer order from magistrate court to superior court, despite multiple opportunities to do so, and there was no dispute that superior court would have had subject matter jurisdiction over that type of action had the transfer order been proper, appellants waived any contention they may have had regarding the magistrate court's authority to transfer action); *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002) (cited in *Abushmais*, supra at 622, for the proposition that "[f]airness to the trial court and to the parties demands that legal issues be asserted in the trial court"). Compare *Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242 (614 SE2d 875) (2005) (vacating dismissal order and remanding case, where trial court did not make specific findings of fact and conclusions of law showing basis for its dismissal of the action under OCGA § 9-10-31.1).

'procedural framework' of the statute, specifically considering and weighing each of the seven factors enumerated."[6] The trial court expressly set forth in the transfer order that, inter alia, the statute listed seven factors for consideration; and that it had "review[ed] and appl[ied] those seven factors as are relevant to the present case." The court further expressly included additional specifics with regards to those of the seven factors the court deemed relevant in its consideration and determination that transfer was warranted.

Pertinently, there is no dispute that the Cobb County Superior Court had subject matter jurisdiction over medical malpractice cases and that venue was also proper in that county. And as we conclude in Division 2,[7] the Lambs have made no showing of harm by the adjudication of their case in Cobb County Superior Court.

Given these circumstances, the Lambs have shown no basis for reversal on the ground contended here: that the Fulton County Superior Court erred by failing to respect and carry into full effect in good faith the decision and direction of the Court of Appeals in *Kennestone Hosp.*[8] in that the superior court failed to make oral or written findings of fact reflecting an analysis of the seven factors enumerated in OCGA § 9-10-31.1 (a).

2. The Lambs contend that the Fulton County Superior Court erred by granting the transfer motion, arguing — as they did below[9] — that consideration of the seven factors enumerated by OCGA § 9-10-31.1 (a) did not warrant a transfer. According to the Lambs, the corporate defendants failed to meet their burden,[10] yet the trial court transferred the case based upon its erroneous belief that *Kennestone Hosp.* had reversed, rather than vacated, its decision.

At its core, this appeal continues the Lambs' effort to have their case adjudicated in the Fulton County Superior Court. Accordingly, the Lambs are requesting us to reach the merits of whether the Fulton County Superior Court erred when it determined that their "action would be more properly heard" in Cobb County and therefore "decline[d] to adjudicate the matter under the doctrine of forum non conveniens."[11] Generally, an appropriate remedy for an errone-

---

[6] *Kennestone Hosp.*, supra (citation and punctuation omitted).

[7] Infra.

[8] Supra.

[9] As acknowledged above, the record shows that the Lambs briefed and orally argued at the hearing the issue whether consideration of the seven statutory factors warranted transfer. Thus, they did not waive this specific issue. See *Hosp. Auth. of Gwinnett County v. Rapson,* 283 Ga. App. 297, 298 (1) (641 SE2d 286) (2007).

[10] See *R. J. Taylor Mem. Hosp. v. Beck,* 280 Ga. 660, 662 (3) (631 SE2d 684) (2006) (movants to transfer venue have the burden to show that the factors set forth in OCGA § 9-10-31.1 (a) support the transfer).

[11] OCGA § 9-10-31.1 (a).

ous transfer of a case from the original forum to another forum under OCGA § 9-10-31.1 (a) is to return the case to the original forum.[12]

On appeal, however, the burden is on the appellant(s) to establish error, as well as harm; error which is harmless will not be cause for reversal.[13] Even assuming, without deciding, that the venue transfer by the Fulton County Superior Court was error, the Lambs have simply shown no harm by the transfer. Nor have they asserted any trial error or any other error by the Cobb County Superior Court. Consequently, they have demonstrated no basis to disturb the judgment entered upon the Cobb County jury's verdict.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED MARCH 30, 2010 — 

*Bryan, Cave, Powell & Goldstein, L. Lin Wood, Jr., Wayne Grant, Kinberly W. Grant,* for appellants.

*Allen, McCain & O'Mahoney, Hunter S. Allen, Jr., Gary R. McCain, Hall, Booth, Smith & Slover, Ashley D. Phillips, Simuel F. Doster, Jr.,* for appellees.

---

[12] See *Hosp. Auth. of Gwinnett County*, supra at 298 (2).

[13] *DeKalb County v. Metro Ambulance Svcs.*, 253 Ga. 561, 562 (1) (322 SE2d 881) (1984).