**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**July 13, 2012**

# In the Court of Appeals of Georgia

A12A0101. THE PARK AVENUE BANK v. STEAMBOAT CITY
DEVELOPMENT COMPANY, L. P., et al.

MIKELL, Presiding Judge.

Pursuant to our grant of its application for interlocutory appeal, The Park Avenue Bank (the Bank) appeals from the trial court's order transferring venue of its claim for breach of a loan agreement and promissory note from Lowndes County to Glynn County, as requested by the defendants, Steamboat City Development Company, L. P. (Steamboat), its general partner W. G. Pitts Wildlife Development Company, LLC, and eight individual guarantors.[1]

---

[1] William Griffin Pitts, Jasper Bernard Barnard, Carlton A. DeVooght, John McLeod Powers, Bobby Jack Robison, John Robert Wright, Bruce Gentry Tripp, and Albert F. Shelander. Powers, Pitts, and Robison were residents of Florida and the remaining guarantors were residents of Glynn County, Georgia.

The following facts are not disputed. On October 1, 2007, Steamboat, the Bank, and the eight guarantors entered into a Loan Agreement whereby the Bank agreed to loan Steamboat $6,570,000. That same day, Steamboat, through its general partner, executed a Promissory Note for the loan amount and the individual guarantors each executed their personal guaranties. The definitions section of the Loan Agreement defines "Loan Documents," in pertinent part, as the Loan Agreement, the Note, the Security Deed, the Guaranties, "and *any and all other documents now or hereafter executed* by Borrower, Guarantors, or any other Person which evidences or secures the Loan." (Emphasis supplied.) Attached as Exhibit A to the Loan Agreement are "Document Protocols" applicable to the Loan Documents. Section 11 of the Protocols states:

> **Jurisdiction, Court Proceedings.** Except as may be required under the foreclosure provision contained within the Security Deed, each of Lender, Borrower, and Guarantor, to the fullest extent permitted by law, hereby knowingly, intentionally, and voluntarily, with and upon the advice of competent counsel, (i) submits to *personal, nonexclusive jurisdiction* in the State of Georgia with respect to any suit, action, or proceeding by any person arising from, relating to, or in connection with such Loan Document or the Loan, (ii) *agrees that any such suit, action or proceeding may be brought in any state or federal court of competent jurisdiction sitting in Lowndes County, Georgia*, and (iii) submits to the

jurisdiction of such courts. Each of Borrower and Guarantor, to the fullest extent permitted by law, hereby knowingly, intentionally, and voluntarily, with and upon the advice of competent counsel, further agrees that it will not bring any action, suit, or proceeding in any forum other than Lowndes County, Georgia (but nothing herein shall affect the right of Lender to bring any action, suit, or proceeding in any other forum), and *irrevocably agrees not to assert any objection which it may ever have to the laying of venue of any such suit, action, or proceeding in any federal or state court located in Georgia and any claim that any such action, suit, or proceeding brought in any such court has been brought in an inconvenient forum.* (Emphasis supplied.)

On October 1, 2008, an Amended and Restated Promissory Note was executed by Steamboat and the Bank and Reaffirmations of Guaranties were signed by all of the guarantors. Subsection 10 (c) of the Amended and Restated Promissory Note provides that

> Any suit, action or proceeding against Borrower hereof may, at the sole option of Lender, be brought in any State of [sic] Federal court of competent jurisdiction, for the enforcement of this Amended and Restated Promissory Note or any remedy hereunder, and Borrower hereby consents to the nonexclusive jurisdiction of such court and waive [sic] any right or privilege to require that any such action be brought in any other jurisdiction or venue .

On May 12, 2010, the Bank filed suit in Lowndes County Superior Court against Steamboat, its general partner, and the guarantors, alleging breach of the Loan Agreement, Security Agreement, and Promissory Note by Steamboat and breach of the personal guaranties by the eight guarantors. In June, answers were filed by all eight guarantors and the general partner, raising the defense of improper venue.

On October 6, 2010, a Joint Motion to Transfer Venue was filed by all of the defendants, contending that the forum selection clause in the Loan Agreement was unconstitutional, contrary to public policy, and unenforceable and, in the alternative, that the matter should be transferred to Glynn County pursuant to the doctrine of forum non conveniens.

The Lowndes County trial court then issued its order transferring the matter to Glynn County based upon the forum selection clause in the Amended and Restated Promissory Note, set out above, and this appeal ensued.

Because our ruling turns on a question of contract interpretation, i.e., the enforceablity of the forum selection clause and whether that clause precluded the

appellees from seeking dismissal under the forum non conveniens statute, we apply

a de novo standard of review.[2]

First, we consider the evolution in Georgia of the doctrine of forum non

conveniens. In 2001, the Georgia Supreme Court, "[r]elying on our inherent judicial

power, . . . adopt[ed] the doctrine of forum non conveniens for use in lawsuits

brought in our state courts by nonresident aliens who suffer injuries outside this

country."[3]  Then, in 2005, as part of tort reform, the legislature adopted OCGA § 9-

10-31.1, which states, in pertinent part, that:

> (a) [i]f a court of this state, on written motion of a party, finds that in the
> interest of justice and for the convenience of the parties and witnesses
> a claim or action would be more properly heard in a forum outside this
> state *or in a different county of proper venue within this state*, the court
> shall decline to adjudicate the matter under the doctrine of forum non
> conveniens. As to a claim or action that would be more properly heard
> in a forum outside this state, the court shall dismiss the claim or action.

---

[2] See *Murphree v. Yancey Bros. Co.*, 311 Ga. App. 744, 747 (716 SE2d 824) (2011) (contract construction is a question of law for the court that is subject to de novo review).

[3] *AT&T Corp. v. Sigala*, 274 Ga. 137, 139 (549 SE2d 373) (2001) (recognizing that "[t]he common-law doctrine of forum non conveniens is an equitable principle by which 'a court having jurisdiction may decline to exercise it on considerations of convenience, efficiency and justice.'") Id. at 138 (citation omitted).

> *As to a claim or action that would be more properly heard in a different county of proper venue within this state, the venue shall be transferred to the appropriate county.*

(Emphasis supplied.)

The statute then sets out seven factors to be considered by the trial court in considering whether to grant a motion to dismiss or to transfer venue.[4] Failure to address each factor is error.[5]

1. In its second enumeration of error, the Bank argues that venue is proper in Lowndes County pursuant to the forum consent provision of the Loan Agreement.

(a) First, we find error in the trial court's sole reliance on the venue clause in the Amended and Restated Promissory Note in making its determination. As evidenced by the definition section of the Loan Agreement, set out above, the Amended and Restated Promissory Note is a "loan document" subject to Section 11

---

[4] See also Ga. Unif. Super. Ct. Rule 19.1, dealing with transfer/change of venue and imposing a $50 transfer fee.

[5] *Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242, 248-249 (2) (2005) (holding that before dismissing or transferring a case on the ground of forum non conveniens, a trial court must make specific findings either in writing or orally on the record demonstrating that the court has considered all seven of these factors). We note that the order appealed does not do so nor was the hearing transcribed.

of the Document Protocols, "Jurisdiction, Court Proceedings." Further, we do not find that the venue clause in the Amended and Restated Promissory Note is inconsistent with that in the Document Protocols.

One of the most well-established rules of contract interpretation is that the contract must be construed as a whole, "and the whole contract should be looked to in arriving at the construction of any part."[6] The trial court's focus solely on the Amended and Restated Promissory Note and its venue clause was in contradiction of this rule.

Looking at all the loan documents, it is apparent that they are all subject to Section 11 of the Protocols and that Lowndes County was the agreed upon venue for any suit other than a foreclosure proceeding. If anything, the Amended and Restated Promissory Note broadened the choices of the Lender to any state or federal "court of competent jurisdiction[,]" of which Lowndes County Superior Court is one.[7]

---

[6] OCGA § 13-2-2 (4). (Citation and footnote omitted.) *Fix v. McAllister*, 273 Ga. App. 463, 467 (1) (615 SE2d 547) (2005).

[7] Lowndes County Superior Court has subject matter jurisdiction over this dispute. Ga. Const. Art. VI, Sec. III, Par. I. While subject matter jurisdiction cannot be waived, personal jurisdiction can be. OCGA § 9-11-12 (h) (1).

7

(b) Since at least 1993, this court has adopted the United States Supreme Court's[8] analysis in finding that forum selection clauses

> are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances. . . . This approach is substantially that followed in other common-law countries including England. It is the view advanced by noted scholars and that adopted by the Restatement of the Conflict of Laws. . . . [9]

The record before us does not contain any transcript of the hearing held on the joint motion to transfer. Therefore, no showing is contained in the record here that the forum selection clause in the Document Protocols was unenforceable. Under the standard set out above, it was error for the trial court to rule it unenforceable.[10]

Similarly, it was error for the trial court to conduct

---

[8] *The Bremen v. Zapata Off-Shore Co.*, 407 U. S. 1 (92 SC 1907, 32 LE2d 513) (1972).

[9] Id. at 10-11, quoted in *Harry S. Peterson Co., Inc. v. Nat'l. Union Fire Ins. Co.*, 209 Ga. App. 585, 589-590 (3) (b) (434 SE2d 778) (1993) (whole court). See also, e.g., *The Houseboat Store, LLC v. Chris-Craft Corp.*, 302 Ga. App. 795, 797 (1) (b) (692 SE2d 61) (2010); *SR Business Svcs., Inc. v. Bryant*, 267 Ga. App. 591, 592 (600 SE2d 610) (2004); *Regency Mall Assocs. v. G. W.'s Restaurant, Inc.*, 213 Ga. App. 225 (444 SE2d 572) (1994).

[10] Id.

its forum non conveniens analysis in response to an action by the parties that they were prohibited by contract from taking. Where parties are free to draft their own contracts and set agreed-upon terms, courts are not at liberty to revise those terms. Accordingly, the trial court erred when it granted relief to [the defendants] that by the plain and unambiguous terms of their contracts they were not allowed to pursue.[11]

The appellees rely on several decisions by three judge panels of this court. However, *Harry S. Peterson Co.*[12] is a decision by nine judges, that being the entire court at the time. By our rules, it controls the outcome of the case at bar.

2. Georgia's familiarity with *forum non conveniens* is fairly recent, dating only from the judicial importation of the doctrine in *AT&T Corp. v. Sigala*.[13] The federal courts have had the doctrine for decades longer than our Peach State experience and their precedents are instructive. In the absence of a forum selection clause, the federal courts are unanimous in giving great deference to the plaintiff's choices of forum.[14]

---

[11] (Punctuation and footnotes omitted.) *Int'l. Greetings USA v. Cammack*, 306 Ga. App. 786, 789 (703 SE2d 386) (2010).

[12] Supra.

[13] Supra.

[14] *Gulf Oil Corp. v. Gilbert*, 330 U. S. 501, 508 (II) (67 SC 839, 91 LE2d 1055) (1957); *Agyenkwa v. American Motors Corp.*, 622 F. Supp. 242, 244 (E.D.N.Y. 1985); *Grimandi v. Beech Aircraft Corp.*, 512 F.Supp. 764, 777 (IV) (D.C. Kan, 1981).

A defendant seeking to change venue by reason of *forum non conveniens* has a heavy burden.[15] When the parties have by contract prior to litigation mutually agreed on a forum for litigation, that selection is given effect absent proof of fraud, etc.[16] Our precedents by contrast show that the trial courts have not given appropriate deference to the plaintiff's choice of forum.[17] We do not revisit those cases today because we lack the records and the assistance of counsel.

3. Because of our holding above, the error asserted in Enumeration 1 is moot.

*Judgment reversed. Miller and Blackwell, JJ., concur.*

---

[15] *Gulf Oil Corp.*, supra; *Agyenkwa*, supra., *Grimandi*, supra. And the federal courts seem to measure inconvenience in hundreds if not thousands of miles. By contrast, Georgia judges have redressed alleged inconveniences as minor as 20.4 miles (*Lamb v. Javed*, 303 Ga. App. 278 (692 SE2d 861 (2010)) or 122 miles in the case at bar.

[16] E.g. *The Bremen*, supra.

[17] E.g. *Lamb*, supra.