S12A1485. WANG v. LIU.
(740 SE2d 136)

BLACKWELL, Justice.

In July 2011, Jing Liu sued Hao Wang in Fulton County, alleging that Wang holds stock in a Chinese company, that Wang holds this stock on behalf of Liu, that Wang has misappropriated the stock to his own use, and that Wang has wrongfully withheld distributions and other funds derived from his holding of the stock, to all of which Liu is entitled.[1] A few weeks later, the trial court entered an interlocutory injunction that prohibited Wang from transferring certain assets while the lawsuit is pending, and Wang moved to dismiss the lawsuit pursuant to the doctrine of forum non conveniens. In February 2012, the trial court denied the motion to dismiss the lawsuit, stayed the lawsuit pending the resolution of a related lawsuit in China, and ordered that "the interlocutory injunction is hereby made permanent." Wang appeals from the denial of his motion to dismiss and from the order making permanent the interlocutory injunction. Upon our review of the record and briefs, we conclude that Wang has failed to show that the trial court abused its discretion when it denied his motion to dismiss, but we conclude that the trial court erred when it

---

[1] In her complaint, Liu asserts three causes of action against Wang – conversion, breach of contract, and breach of fiduciary duty – and seeks the appointment of a receiver, the imposition of a constructive trust, an accounting, injunctive relief, and attorney fees.

entered a permanent injunction without adequate notice to, or the consent of, the parties. Accordingly, we affirm the denial of the motion to dismiss, but we vacate the order making permanent the interlocutory injunction.

1. We turn first to the denial of the motion to dismiss under the doctrine of forum non conveniens. When a trial court considers such a motion, it must apply the standard that appears in OCGA § 9-10-31.1 (a):

> If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a forum outside this state . . . the court shall decline to adjudicate the matter under the doctrine of forum non conveniens. As to a claim or action that would be more properly heard in a forum outside this state, the court shall dismiss the claim or action. . . . In determining whether to grant a motion to dismiss an action . . . under the doctrine of forum non conveniens, the court shall give consideration to the following factors:
>
> > (1) Relative ease of access to sources of proof;
> > (2) Availability and cost of compulsory process for attendance of unwilling witnesses;
> > (3) Possibility of viewing of the premises, if viewing would be appropriate to the action;
> > (4) Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy;
> > (5) Administrative difficulties for the forum courts;
> > (6) Existence of local interests in deciding the case locally; and
> > (7) The traditional deference given to a plaintiff's choice of forum.

OCGA § 9-10-31.1 (a). The application of the statutory standard to the peculiar circumstances of a particular case is a matter committed to the sound discretion of the trial court. See *Hawthorn Suites Golf Resorts v. Feneck*, 282 Ga. 554, 556 (3) (651 SE2d 664) (2007). That

said, the discretion of the trial court is not without some limits,[2] and when an appeal properly is taken from the grant or denial of a motion to dismiss under the doctrine of forum non conveniens, the appellant is entitled to meaningful appellate review, even if that review is only for an abuse of discretion. Considering the number, variety, and nature of the statutory factors that necessarily must inform the discretion of the trial court, meaningful appellate review is possible only if the record reflects in some way the thinking that led the trial court to exercise its discretion as it did.

By its express terms, OCGA § 9-10-31.1 requires the trial court to consider each of the statutory factors enumerated in OCGA § 9-10-31.1 (a), but it does not expressly require specific findings of fact on each factor. Nevertheless, our Court of Appeals has held on several occasions that a trial court must make specific findings on each of the enumerated factors, whether in a written order or otherwise on the record. See, e.g., *Park Ave. Bank v. Steamboat City Dev. Co.*, 317 Ga. App. 289, 292 (728 SE2d 925) (2012); *GrayRobinson, P.A. v. Smith*, 302 Ga. App. 375, 377 (1) (690 SE2d 656) (2010); *Ga. Cas. & Sur. Co. v. Valley Wood, Inc.*, 290 Ga. App. 177, 178 (1) (659 SE2d 410) (2008); *Kennestone Hosp. v. Lamb*, 288 Ga. App. 289, 289-290 (653 SE2d 858) (2007); *Federal Ins. Co. v. Chicago Ins. Co.*, 281 Ga. App. 152, 153 (635 SE2d 411) (2006); *Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242, 248-249 (2) (614 SE2d 875) (2005). Although this Court never has said that such specific findings are required absolutely, we previously have noted the existence of such findings in the record of an appeal from the grant of a motion to dismiss under OCGA § 9-10-31.1, thereby signaling that such findings are an important aid to meaningful appellate review. See *Hawthorn Suites*, 282 Ga. at 556-557 (3) (noting that "the trial court set forth in its order a detailed analysis of all seven factors to be considered under the statute" and reciting the findings of the trial court on each factor). Today, we acknowledge explicitly that specific findings on each of the enumerated statutory factors are a better practice, but we cannot conclude that such findings are required absolutely in every case.

What is required to permit meaningful appellate review is that the trial court set out upon the record the essential reasoning that forms the basis for its exercise of discretion to grant or deny a motion to dismiss under the doctrine of forum non conveniens. Without such

---

[2] Among other things, the discretion of the trial court is limited by the statutory enumeration of factors that must be considered, an enumeration that, as our Court of Appeals has said, leads to "an exercise in structured discretion founded on a [statutory] procedural framework guiding the court's decision making process." *Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242, 248 (2) (614 SE2d 875) (2005).

a statement of the essential reasoning of the trial court, we frequently cannot ascertain whether the decision of the trial court was a reasoned and reasonable one in the light of the standard set out, and factors enumerated, in OCGA § 9-10-31.1 (a). See *GrayRobinson*, 302 Ga. App. at 378 (1) (Because the record did not adequately explain the decision of the trial court, appellate court "cannot determine whether the trial court's denial of the motion to dismiss . . . was or was not an abuse of discretion."). That said, the detail required to adequately explain the essential reasoning of the trial court will depend upon the peculiar circumstances of the case, the closeness of the questions involved, and the ground upon which the court decides the motion. We suppose that some case might require a finding on each factor to adequately explain the decision, but we cannot say that such findings always (or even usually) are required. To the extent that the Court of Appeals held otherwise in *Park Ave. Bank*, 317 Ga. App. at 292, *GrayRobinson*, 302 Ga. App. at 377 (1), *Ga. Cas. & Sur. Co.*, 290 Ga. App. at 178 (1), *Kennestone Hosp.*, 288 Ga. App. at 289-290, *Federal Ins. Co.*, 281 Ga. App. at 153, and *Hewett*, 273 Ga. App. at 248-249 (2), we overrule those decisions.

In this case, the record reveals almost nothing about the thinking that led the trial court to deny the motion to dismiss. At the outset of the hearing on the motion to dismiss, the trial judge commented that he was inclined to deny the motion, noting his preliminary impression that "there is something fishy about [the circumstances of the case],"[3] but the judge subsequently invited counsel to "go through all the seven factors." Counsel for both parties did so and advanced competing colorable arguments on several of the factors. At the conclusion of the hearing, the trial judge announced simply that "I'm not going to dismiss the case," without offering any further explanation for the decision. And in a subsequent written order, the trial court stated simply that "Defendant's Motion to Dismiss Plaintiff's Complaint Based on Forum Non Conveniens is DENIED." The record in this case does not offer a sufficient glimpse into the thinking of the trial court so as to allow for meaningful appellate review.

That does not mean, however, that we must send this case back to the trial court to make a more explicit statement of its thinking. It appears from the record, and Wang does not dispute, that counsel for

---

[3] We suppose that such an impression might relate to the "interest of justice," which is, of course, one component of the forum non conveniens analysis. But we note that the trial judge offered this preliminary impression before considering any of the enumerated statutory factors, and it is unclear to us exactly what the trial judge meant by his comments in any event. The comments about the unusual circumstances of the case are not sufficient here to enable meaningful appellate review.

Liu prepared the written order denying the motion to dismiss — an order that, as we have noted, fails to reflect the thinking of the trial court about the motion to dismiss — and counsel for Wang approved the form of that order before it was submitted to, and entered by, the trial court. Wang had an opportunity, therefore, to insist that the trial court explain the reasons for its decision, but Wang did not do so.[4] Moreover, by affirmatively approving the form of the order, Wang acquiesced in the failure of the trial court to make a record of its thinking about the motion to dismiss. As we have said before, "[a]fter approving the form of the order, a party cannot complain of the court's failure to include findings of fact and conclusions of law."[5] *Rude v. Rude*, 241 Ga. 454, 455 (1) (246 SE2d 311) (1978) (citation and punctuation omitted).

Because his counsel approved the form of the order on the motion to dismiss, Wang cannot be heard to complain that the record has no explanation of the decision of the trial court so as to permit meaningful appellate review. And because the record has no explanation of that decision, Wang, as the appellant, cannot carry his burden to show that the trial court abused its discretion when it denied his motion to dismiss. See *R. J. Taylor Memorial Hosp. v. Beck*, 280 Ga. 660, 662 (3) (631 SE2d 684) (2006) ("[T]he burden on appeal is to demonstrate an abuse of the trial court's discretion in refusing to transfer the case.") (citations omitted). This is not a case in which the evidence and arguments are so one-sided that, even without a statement of the reasoning of the trial court, we might find an abuse of discretion. As noted, counsel for both parties made competing colorable arguments about the proper application in this case of the standard in OCGA § 9-10-31.1 (a). Accordingly, we must affirm the denial of the motion to dismiss under the doctrine of forum non conveniens. See id.

2. We turn next to the order making permanent the interlocutory injunction. Before a court enters a permanent injunction, it must give notice of a hearing at which permanent injunctive relief will be considered, unless the parties agree otherwise. See *Smith v. Guest Pond Club*, 277 Ga. 143, 145 (1) (586 SE2d 623) (2003). Here, the trial court failed to give such notice before the hearing in which it announced

---

[4] We note that Wang also did not argue at the hearing on the motion to dismiss that an explained decision was required. A party need not await a proposed order to ask for an explained decision. Cf. OCGA § 9-11-52 (a) (findings and conclusions in rulings on interlocutory injunctions and nonjury trials "upon request of any party made prior to such ruling").

[5] To the extent that *Kennestone Hosp.*, 288 Ga. App. at 290, suggests that a party never can waive the requirement that the trial court set out the essential reasoning that forms the basis for its decision, *Kennestone Hosp.* is overruled.

that the interlocutory injunction would be made permanent, and nothing in the record indicates that Wang consented to the entry of a permanent injunction.[6] Indeed, Liu concedes on appeal that "[t]he trial court was quite clearly without authority to issue a permanent injunction." Accordingly, we vacate the order making permanent the interlocutory injunction, leaving the previously entered interlocutory injunction in full force and effect.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

### DECIDED MARCH 18, 2013.

*Alston & Bird, Robert R. Long IV, John L. Latham, Brandon R. Williams, Taylor, English & Duma, William G. Leonard, Gregory G. Schultz*, for appellant.

*Hunter, Maclean, Exley & Dunn, John M. Tatum, Rachel C. Young, Yoon & Kim, Charles M. Yoon*, for appellee.

---

[6] Liu claims that Wang did consent when he said that he was willing to leave the injunction in place "until the Chinese court case ends." But an agreement to leave an interlocutory injunction for awhile longer during the pendency of a case does not indicate an agreement to leave it in place forever.