### 27291.  BROWN v. SEABOARD COAST LINE RAILROAD COMPANY.

UNDERCOFLER, Justice. The Court of Appeals certified the following question for decision by this court: "May the courts of this State apply the doctrine of forum non conveniens to an action under the Federal Employers' Liability Act properly brought in a court in this State by a citizen of another State on a cause of action originating in yet another State, so as to refuse to exercise its juris-

diction and dismiss without prejudice the action so brought?" *Held:*

"A decision by the highest court of a State determining that the doctrine of forum non conveniens cannot bar an action based on the Federal Employers' Liability Act, in the circumstances before us, may rest' on one of three theories ... (2) By reason of the Privileges-and-Immunities Clause of the Constitution, a State may not discriminate against citizens of sister States. Art. IV, § 2. Therefore Missouri cannot allow suits by non-resident Missourians for liability under the Federal Employers' Liability Act arising out of conduct outside that State and discriminatorily deny access to its courts to a nonresident who is a citizen of another State." Southern Railway Co. v. Mayfield, 340 U. S. 1, 3 (71 SC 1, 95 LE 3).

Georgia citizens are entitled "to appeal to the courts" unless "specially prohibited by law." *Code* §§ 79-205, 79-206. In our opinion this includes all Georgia citizens whether resident or nonresident. *Code* § 79-202. There is no law authorizing the courts of this State to decline to exercise jurisdiction of Federal Employers' Liability suits brought by nonresident Georgia citizens on actions arising out of the State. On the contrary, under the quoted Code sections, Georgia courts are required to entertain them. Therefore, the privileges and immunities clause of the United States Constitution (Art. IV, Sec. II, Par. I; *Code* § 1-402) prohibits Georgia courts from applying such doctrine to citizens of other States who are nonresidents of Georgia in Federal Employers' Liability Act cases and declining to exercise jurisdiction of such suits brought by them. Southern Railway Company v. Mayfield, supra.

*Certified question is answered in the negative. All the Justices concur.*

ARGUED JUNE 14, 1972—DECIDED SEPTEMBER 7, 1972—
REHEARING DENIED SEPTEMBER 25, 1972.

*Parks & Eisenberg, David S. Eisenberg,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Jeffrey R. Nickerson,* for appellee.

*Neely, Freeman & Hawkins, Edgar A. Neely, Jr.,* amicus curiae.