46849. SOUTHERN RAILWAY COMPANY v. GOODMAN.
(380 SE2d 460)

GREGORY, Justice.

Appellee Thomas W. Goodman, a Florida resident, sued appellant Southern Railway under 45 USC § 51 et seq., known as the Federal Employers' Liability Act (FELA), to recover for personal injuries he sustained in an accident that occurred in North Carolina while he was employed by the railroad.

The trial court denied the railroad's motion to dismiss Goodman's complaint on the ground of *forum non conveniens* but certified its decision for immediate review. Because the railroad did business in Georgia, it did not argue that the Georgia court lacked personal jurisdiction. Instead, the railroad argued that the Georgia court should decline to exercise jurisdiction because the case could be more conveniently tried in North Carolina where the events occurred and virtually all the witnesses were located. The Court of Appeals denied the railroad's application for interlocutory appeal. On February 21, 1989 we granted the railroad's petition for certiorari.

The railroad has pointed out that in another case arising from the same accident another Georgia trial court applied the doctrine of *forum non conveniens* and granted the railroad's motion to dismiss. Because that other case is not before us on appeal, we need not decide whether that trial court erred. The only issue before us in the present case is: Did the trial court lack discretion to dismiss Goodman's complaint on the ground of *forum non conveniens?*

The Court in *Brown v. Seaboard Coast Line R. Co.*, 229 Ga. 481 (192 SE2d 382) (1972), explains why a trial judge lacks discretion to dismiss a FELA action on the ground of *forum non conveniens.* Under the statute now known as OCGA § 1-2-6 (a) (6), citizens of Georgia have the right "to appeal to the courts." 229 Ga. at 482.

The Court in *Brown* then writes that under the statute now known as OCGA § 1-2-3, which provides that "Until citizenship is acquired elsewhere, a citizen of this state continues to be a citizen of this state. . . .," *all* Georgia citizens, whether resident or nonresident,

have the right "to appeal to the courts." 229 Ga. at 482.

The Court in *Brown* concludes that the privileges and immunities clause of the United States Constitution prohibits Georgia courts from applying the doctrine of *forum non conveniens* to citizens of other states who are nonresidents of Georgia. Under *Southern Railway Co. v. Mayfield*, 340 U. S. 1 (71 SC 1, 95 LE 3) (1950), it would be unconstitutional to deny the noncitizen of Georgia the absolute right to appeal to Georgia courts granted to nonresident citizens of Georgia under OCGA §§ 1-2-6 and 1-2-3.

Because under *Brown*, a trial court lacks discretion to dismiss a FELA case on the ground of *forum non conveniens*, we hold that the trial court correctly denied the railroad's motion to dismiss the present case.

*Judgment affirmed. All the Justices concur, except Weltner, J., not participating.*

DECIDED JUNE 22, 1989 —
RECONSIDERATION DENIED JULY 13, 1989.

*Neely & Player, Edgar A. Neely, William C. Thompson,* for appellant.

*Kerry R. McDonald, J. Sherrod Taylor,* for appellee.