**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 21, 2016**

# In the Court of Appeals of Georgia

A16A0771. WEGMAN v. WEGMAN et al.

BRANCH, Judge.

Following his mother's death, Marc Wegman brought suit against his four brothers alleging that they conspired to deprive him of his proper share of a family partnership and of his mother's will. The trial court dismissed the action on the ground of forum non conveniens largely because the estate and the partnership were based in Louisiana. Marc contends the trial court erred, in part because the trial court was not authorized to dismiss a case for forum non conveniens without a motion on that ground and a statutorily-required stipulation from the defendants. We agree and reverse.

"[W]hen an appeal properly is taken from the grant or denial of a motion to dismiss under the doctrine of forum non conveniens, the appellant is entitled to

meaningful appellate review, even if that review is only for an abuse of discretion." *Wang v. Liu*, 292 Ga. 568, 570 (740 SE2d 136) (2013) (footnote omitted). Accordingly, we will review this case for an abuse of discretion. Id.; see also *Hawkins v. Blair*, 334 Ga. App. 898-899 (780 SE2d 515) (2015).

In the verified complaint and the attached documents, Marc Wegman averred that he, his mother, and his four brothers (the brothers) were partners in the Wegman Limited Partnership. Following the death of his mother in Louisiana, the partnership terminated, and the partnership agreement required that the assets be liquidated and the proceeds distributed among the brothers. In addition, their mother's will provided that her assets should be distributed evenly to all five brothers after accounting for one or more loans to Marc. On November 5, 2014, however, Marc, a Georgia resident, filed suit against his brothers in the Superior Court of Cobb County, asserting various claims, including conspiracy to defraud, stemming from his belief that the brothers failed to distribute to him his proper share of the proceeds of both the partnership and the will, as well as certain items of personal property. Marc also requested a temporary restraining order preventing the brothers from disposing of any contested property during the litigation. The court eventually granted a consent

temporary restraining order and interlocutory injunction against Myles, the only defendant brother who lives in Georgia.

After being served with the suit, two brothers, Joseph and Myles, timely filed unverified[1] pro se answers, and two brothers, Bradley and Brent, went into default; Bradley later filed an untimely verified answer. Neither Joseph, Myles, or Bradley raised a defense of forum non conveniens in their answer. Marc later moved for default judgment against Bradley and also sought to compel discovery.

On March 16, 2015, Joseph and Myles, now represented by counsel, moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. In their motion, Joseph and Myles asserted that Bradley, who lives in Louisiana, was both the executor of their mother's estate, which was being probated in Louisiana, as well as the managing general partner of the partnership, which was also located in Louisiana. Joseph and Myles argued that Marc's allegation of a conspiracy between the brothers, including Myles, the Georgia resident, "is a fiction created within Marc's Complaint in an attempt to establish a basis for subject matter

_____

[1] The appellant has not raised any enumeration of error regarding these defendants' failure to file a verified answer. See OCGA § 9-10-111 ("In all cases where the plaintiff files a pleading with an affidavit attached to the effect that the facts stated in the pleading are true to the best of his knowledge and belief, the defendant shall in like manner verify any answer.").

3

jurisdiction within a Georgia Court, rather than filing the case in the proper venue of the State of Louisiana."

At a June 1, 2015 hearing on the motion to dismiss, Joseph and Myles argued that the court did not have subject matter jurisdiction and that Marc's complaint failed to state a claim; they also questioned whether the court was "the proper forum" for the issues raised in the complaint, especially given that Bradley was the "sole person" responsible for decisions related to the will and the partnership. Counsel for Joseph and Myles consistently referred to this issue as one of "jurisdiction" regarding the properties and assets in Louisiana, and he never mentioned the doctrine of forum non conveniens nor argued that the Georgia forum, although proper, was inconvenient for the parties. The defendants also argued that there was no evidence of any conspiracy to defraud between the defendant brothers. Accordingly, they concluded, "if there is an issue at all, the issue is between Mr. Marc Wegman and Mr. Bradley Wegman and not [the other defendant brothers.]"

Marc countered that his allegations of torts against joint tortfeasors were properly brought in Georgia where one of the defendants lived; he also argued that the court had personal jurisdiction over all of the defendants. Finally, Marc argued that the Georgia court was the proper forum under the long-arm statute. At that point,

4

the court interjected, "[i]t's not a forum non conveniens argument." Marc agreed, but the court returned to the topic of forum non conveniens after finding that it had jurisdiction and that venue was proper in the superior court:

> What I think is — without making a ruling, just letting you hear what I am thinking, I think that under Georgia law, general partnership law, long-arm statute and all that, I think that they can file right here. Listening to the facts of the case, from the first time I heard this what has always been in my mind is whether or not this is forum non conveniens. That's just the way I think of it. There are certain times when you could file here but it needs to be there. I'm not saying this is one of them.

The trial court then asked both parties to draft a proposed order detailing their arguments regarding the motion to dismiss. But instead of instructing that the proposed orders address the claims in the motion to dismiss — subject matter jurisdiction and failure to state a claim — the court told the brothers to focus instead on forum non conveniens:

> [W]hat you need to do is not so much argue the facts, which would be kind of a summary judgment type thing, because [Marc] is absolutely correct. He's pled what he needs to plead. I'm not concerned with subject matter jurisdiction. There is no court in Georgia other than the Superior Court that hears these cases, so I have the subject matter jurisdiction. I think I probably have personal jurisdiction, but I want to

5

hear from you on that issue, but you need to be concentrating on the forum non conveniens.

When Marc asked for clarification regarding what to put in the proposed order, given that the court's instruction that it was "not concerned with subject matter jurisdiction," the court asked the parties to discuss personal jurisdiction briefly but to focus their proposed order on forum non conveniens:

I'm just telling you that the Judge is sitting up here saying is this a case of a convenient forum or not, and that's really what I'm kind of thinking about, and that's where the judge has some discretion so — but I appreciate your arguments.

Although Marc submitted a proposed order, none of the defendant brothers submitted a proposed order regarding forum non conveniens or amended any previous filings to raise a defense of forum non conveniens. On September 29, 2015, the court entered an order in which it analyzed the seven factors in the forum non conveniens balancing test as given in OCGA § 9-10-31.1 and dismissed Marc's case against all four defendants on that ground.[2]

---

[2] The court did not rule on either of Marc's motions for default judgment or to compel discovery prior to ruling on the defendant brothers' motion to dismiss.

6

1. Among other things, Marc argues that the trial court did not have the authority to dismiss the case on the ground of forum non conveniens given that the defendants never moved for dismissal on that ground and never filed a stipulation required by the forum non conveniens statute. We agree.

Until relatively recently, Georgia trial courts had no authority to decline jurisdiction in a transitory action[3] brought in a Georgia court by a Georgia resident where jurisdiction of a defendant could be obtained; in other words, Georgia common law did not allow dismissal of such actions based on forum non conveniens. See *Holtsclaw v. Holtsclaw*, 269 Ga. 163-164 (496 SE2d 262) (1998) (Georgia courts have no inherent authority to decline to exercise the jurisdiction otherwise granted by the Georgia constitution); *Richards v. Johnson*, 219 Ga. 771, 776 (2) (135 SE2d 881) (1964) (even in a court of equity, the doctrine of forum non conveniens cannot defeat the legal right of a Georgia plaintiff to bring an otherwise proper action in a Georgia county where it has jurisdiction over the defendant); *Atlantic Coast Line R. Co. v. Wiggins*, 77 Ga. App. 756, 760 (49 SE2d 909) (1948) ("the doctrine of forum non

---

[3] "Generally speaking injuries to person or property of another arising ex contractu or ex delicto are of a transitory nature, and an action may be brought wherever the defendant may be found and served." *Louisville & Nashville R. Co. v. Meredith*, 66 Ga. App. 488, 492 (18 SE2d 51) (1941) (citation omitted), aff'd, 194 Ga. 106 (21 SE2d 101) (1942).

7

conveniens [can]not defeat jurisdiction . . . for residents of Georgia in cases where jurisdiction of a defendant can be obtained"); but see *AT & T Corp. v. Sigala*, 274 Ga. 137 (549 SE2d 373) (2001) (adopting the doctrine of forum non conveniens in cases involving foreign plaintiffs). Accordingly, in Georgia "the doctrine of forum non conveniens is generally controlled by statutory provisions." *Holtsclaw*, 269 Ga. at 164 (citations omitted); see, e.g., OCGA § 50-2-21 (effective July 1, 2003) (allowing application of forum non conveniens for a "civil cause of action of a nonresident accruing outside this state"); compare *Sigala*, 274 Ga. at 137 (holding that Georgia courts may exercise their inherent power to dismiss cases brought by nonresident aliens). As explained by our Supreme Court, "statutes codifying the doctrine [of forum non conveniens] will prevail over the common law." *Sigala*, 274 Ga. at 141.

In 2005, the legislature enacted OCGA § 9-10-31.1 "to provide that the courts of this state may under certain circumstances decline to decide cases under the doctrine of forum non conveniens." 2005 Ga. Laws, p. 1, § 2 (2005). As shown above, this statute was adopted in derogation of the common law, and it therefore "must be limited strictly to the meaning of the language employed, and not extended beyond the plain and explicit terms of the statute." *Couch v. Red Roof Inns*, 291 Ga. 359, 364 (1) (729 SE2d 378) (2012) (citation and punctuation omitted). The statute

8

requires a written motion from a party in order to obtain a ruling on the ground of forum non conveniens:

> (a) If a court of this state, *on written motion of a party*, finds that in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a forum outside this state or in a different county of proper venue within this state, the court shall decline to adjudicate the matter under the doctrine of forum non conveniens.

(Emphasis supplied). OCGA § 9-10-31.1 further provides that a movant must file a stipulation waiving a defense asserting the statute of limitations if the case is to be dismissed or transferred:

> (b) A court may not dismiss a claim under this Code section until the defendant files with the court or with the clerk of the court a written stipulation that, with respect to a new action on the claim commenced by the plaintiff, all the defendants waive the right to assert a statute of limitations defense in all other states of the United States in which the claim was not barred by limitations at the time the claim was filed in this state as necessary to effect a tolling of the limitations periods in those states beginning on the date the claim was filed in this state and ending on the date the claim is dismissed.

OCGA § 9-10-31.1 (b). "[S]uch a written stipulation . . . is a mandatory condition precedent to the dismissal of a case under the doctrine of forum non conveniens."

9

*Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242, 250 (3) (614 SE2d 875) (2005), overruled on other grounds, *Wang*, 292 Ga. at 571 (1).

Strictly construing OCGA § 9-10-31.1, we hold that the statute does not authorize a trial court to dismiss a case on the ground of forum non conveniens without a written motion from a party and the required stipulation. Nothing in the statute indicates that a trial court is authorized to raise the issue of forum non conveniens on its own or to dismiss a case on that ground without the required stipulation. In this case, Bradley and Brent never moved to dismiss on any grounds, and Joseph and Myles did not move for dismissal under the doctrine of forum non conveniens, argue that the forum was simply inconvenient, or even offer a proposed order on that ground; they only argued that the court did not have subject matter jurisdiction and that the plaintiff had failed to state a claim. Although the defendants questioned whether the superior court was the "proper forum," a forum non conveniens argument does not go to whether the forum is proper but to whether the forum is convenient based on a number of factors. In addition, the defendants never

10

filed the necessary stipulation waiving the statute of limitations.[4] We therefore hold that the trial court abused its discretion by dismissing the complaint on the ground of forum non conveniens. OCGA § 9-10-31.1 (a), (b).

2. Marc Wegman also argues that the trial court erred by dismissing the entire suit given that Bradley and Brent Wegman were in default and had therefore admitted jurisdiction and venue and that Joseph and Myles failed to raise a defense of forum non conveniens in their answers. Given our holding in Division 1 and given that Bradley and Brent had no motion to dismiss pending before the court below, the question of whether Bradley's and Brent's default would bar them from moving to dismiss for lack of a convenient forum is not ripe for review.

With regard to the waiver argument regarding Joseph and Myles, which we address because it is likely to arise upon remand, OCGA § 9-11-12 (b) requires parties to assert in their responsive pleadings "[e]very defense, in law or fact, to a claim for relief" including "improper venue," and OCGA § 9-11-12 (h) provides for waiver of "defenses" including improper venue. But although OCGA § 9-10-31.1 is

---

[4] Although the court did state in its order that the ruling was "subject to receipt of Defendants' stipulation to extend the Statute of Limitations during the course of this action," even without a stipulation the court informed Marc Wegman via email that "[t]he case was dismissed in its entirety on the ground of forum non conveniens." (Emphasis omitted.)

found in an article entitled "Venue" of Chapter 10 of our Code, nothing in OCGA § 9-10-31.1 states that a motion to dismiss for forum non conveniens is a "defense" or that it is subject to the waiver provisions of OCGA § 9-11-12. There is no Georgia case on point, but generally under federal law the application of the doctrine of forum non conveniens is not seen as a defense subject to waiver. See *Yavuz v. 61 MM, Ltd.*, 576 F3d 1166, 1173 (II) (B) (10th Cir. 2009) ("[*F*]orum *non conveniens* is a discretionary doctrine which is not waived by a party's failure to raise it in an initial responsive pleading. . . . Under the doctrine of *forum non conveniens,* a court has the discretion to dismiss a case 'even if jurisdiction and proper venue are established."); Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3829 (4th ed.) ("Although the authority is not extensive," "[u]nlike a motion to dismiss for improper venue under Rule 12 (b) (3)," a motion to dismiss for forum non conveniens "is not a 'defense' that must be raised by pre-answer motion or responsive pleading."). Furthermore, as explained by one court,

> there are sound logical reasons for not requiring a *forum non conveniens* motion to be made within the limited time period allowed for a defendant to file an answer or to move to amend his answer. . . . This time is certainly adequate to check the venue statutes and determine whether they have been met. However, the factors of equity and convenience, such as the location of important witnesses and evidence,

12

> which control a *forum non conveniens* motion may not be apparent
> without time-consuming investigation and, frequently, discovery.

*Snam Progetti S.P.A. v. Lauro Lines*, 387 F. Supp. 322, 323 (SDNY 1974) (citations omitted). We find this reasoning persuasive and, accordingly, hold that the failure to raise an issue of forum non conveniens in a responsive pleading does not waive the right to later file a motion on that ground under OCGA § 9-10-31.1. See *UFJ Bank Ltd. v. Ieda*,123 P3d 1232, 1240 (III) (A) (2) (a) (HAW 2005) ("*forum non conveniens* cannot be said to fall within the scope of the defense of improper venue" and therefore it is not waived by failing to raise it in a responsive pleading); *Marchman v. NCNB Texas Nat. Bank*, 898 P2d 709, 721 (III) (NM 1995) ("Failure to assert the forum non conveniens issue in a pretrial motion or during the period allowed for defendant to file an answer does not constitute waiver.") (citations omitted); but see *Stevens v. Blevins*, 890 P2d 936, 939 (Ok. 1995) ("The failure to attempt to invoke the intrastate *forum non conveniens* doctrine before a party files an answer constitutes a waiver."); *Hunt v. Hunt*, 629 So2d 548, 554 (III) (3) (Miss. 1993), overruled on other grounds by *Powell v. Powell*, 644 So2d 269 (Miss. 1994) ("*Forum non conveniens* is extremely similar to a defense of improper venue, which

must be presented to the trial court by either a motion or responsive pleading before trial or be deemed waived.") (citations omitted).

3. Finally, given our holding in Division 1, Marc's contention that the trial court incorrectly analyzed the seven factors for addressing a non conveniens argument is moot.

*Judgment reversed. Ellington, P. J., and Mercier, J., concur.*