**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 2, 2017**

# In the Court of Appeals of Georgia

A17A0835. LA FONTAINE et al. v. SIGNATURE RESEARCH, INC.

MILLER, Presiding Judge.

In May 2014, Michigan residents Francis La Fontaine and her husband, Roberto Melendez, (collectively "the Appellants") took a vacation in the Dominican Republic. While participating in a zipline course, La Fontaine was injured when the line collapsed. The Appellants sued Signature Research, Inc. ("Signature"), the Georgia corporation that inspected the zipline, in the state court of Douglas County.[1] The trial court dismissed the suit under the doctrine of forum non conveniens, and this appeal followed. For the reasons that follow, we affirm.

---

[1] Signature has its principal place of business in Douglas County.

In Georgia, the doctrine of forum non conveniens is codified in OCGA § 9-10-31.1, which provides that the trial court may dismiss an action if the interests of justice and convenience of parties renders another forum more appropriate. *Hawkins v. Blair*, 334 Ga. App. 898, 901 (3) (780 SE2d 515) (2015). The party seeking dismissal bears the burden of showing dismissal is warranted. Id. "The application of the statutory standard to the peculiar circumstances of a particular case is a matter committed to the sound discretion of the trial court." (Citation omitted.) *Wang v. Liu*, 292 Ga. 568, 569 (1) (740 SE2d 136) (2013).

For the purpose of Signature's motion to dismiss, the relevant facts are undisputed. Cumayasa Sky Adventures operated a zipline in the Dominican Republic. In December 2013, Signature inspected the line and certified that it was compliant with industry safety standards.

In May 2014, while vacationing in the Dominican Republic, La Fontaine was injured when the zipline collapsed. She received treatment for her injuries in the Dominican Republic before returning to Michigan, where she continued to receive extensive medical care.

The Appellants initially filed suit in the district court of the Southern District of Florida,[2] but the district court dismissed that complaint based on forum non conveniens. The Appellants then filed the instant suit.

Signature again moved to dismiss on forum non conveniens grounds, and the trial court granted the motion. Importantly, Signature has stipulated that it will submit to jurisdiction in the Dominican Republic and will waive any statute-of-limitations defenses there, as well as in every other state in the United States in which the claim was not already barred.

1. The Appellants first argue that the doctrine of forum non conveniens does not require that they bring their suit in a foreign country under common law or statute, and that Georgia's forum non conveniens statute unconstitutionally invades a plaintiff's right of access to the courts. They further contend that this right of access to our courts applies equally to Georgia residents and residents of other states. We conclude that Georgia law does not preclude the dismissal of this case on forum non conveniens grounds.

---

[2] The Appellants initially sued Cumayasa Sky Adventures, which operated the zipline, and two other Dominican companies. These parties, however, were dismissed in exchange for cooperation in the suit against Signature.

OCGA § 9-10-31.1(a), which codified the common law doctrine of forum non conveniens, provides:

> If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a forum outside this state . . . the court shall decline to adjudicate the matter under the doctrine of forum non conveniens . . . [and] shall dismiss the claim or action. . . .

This Court has recognized that "[t]he doctrine of forum non conveniens is unique in the law because it allows a trial court to dismiss a suit that otherwise meets all of the jurisdiction and venue requirements for access to our courts on the grounds of administrative efficiency and convenience." (Citations omitted.) *Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242, 248 (2) (614 SE2d 875) (2005), overruled on other grounds by *Wang*, supra, 292 Ga. at 571.

*a. Constitutionality of OCGA § 9-10-31.1*

To the extent that the Appellants argue that the statute is unconstitutional and denies access to the courts, the trial court did not rule on these arguments, and thus, we cannot review them on appeal. *Pimper v. State of Ga.*, 274 Ga. 624, 627 (555

4

SE2d 459) (2001); *Brunswick Landing, LLC v. Glynn County*, 301 Ga. App. 288, 295 (4) (b) (687 SE2d 271) (2009).

*b. Forum non conveniens after AT&T Corp. v. Sigala*

The Appellants argue that *AT&T Corp. v. Sigala*, 274 Ga. 137 (549 SE2d 373) (2001), which was superceded by OCGA § 9-10-31.1, mandates that we reverse the trial court's order dismissing the complaint.[3] Specifically, they contend that *Sigala* limits the application of forum non conveniens to cases brought by nonresident aliens for injuries that occur outside the United States, and that the codification of the forum non conveniens doctrine merely reinforces this application. In other words, they argue that neither *Sigala* nor the statute permits dismissal of a United States citizen's complaint where the alternative forum is a foreign country. We disagree.

The Appellants' reliance on *Sigala* is flawed because that case was superceded when our legislature enacted OCGA § 9-10-31.1, which codified the doctrine of

---

[3] In *Sigala*, a Venezuelan national brought a civil action in Georgia for injuries and death arising from an explosion in Venezuela. *Sigala*, supra, 274 Ga. at 137. The Supreme Court of Georgia found that the doctrine of forum non conveniens authorized the trial court to dismiss that case brought by a nonresident alien plaintiff for injuries sustained outside the United States. Id. at 139-140.

forum non conveniens.[4] See OCGA § 9-10-31.1; see also *Wegman v. Wegman*, 338 Ga. App. 648, 652 (1) (791 SE2d 431) (2016) (noting that in Georgia, the doctrine of forum non conveniens is controlled by statute).[5] In enacting § 9-10-31.1, "the General Assembly . . . intended to provide that the courts of this state may under certain circumstances decline to decide cases under the doctrine of forum non conveniens." (Punctuation omitted.) *Hewett*, supra, 273 Ga. App. at 251 (3); see also 2005 Georgia Laws Act 1 (S. B. 3), preamble. Indeed, *Sigala* itself recognized that a specific statute prevails over common law. *Sigala*, supra, 274 Ga. at 141. Thus, OCGA § 9-10-31.1 controls, and the trial court was authorized to consider dismissal based on forum non conveniens.

---

[4] For this same reason, La Fontaine's reliance on *Southern Railway Co. v. Goodman*, 259 Ga. 339 (380 SE2d 460) (1989), is likewise misplaced. That case was decided before OCGA § 9-10-31.1 was enacted. Moreover, it appears that the holding in *Goodman* relies, in part, on the fact that it arose in the context of an action under federal law. *Goodman*, supra, 259 Ga. at 339.

[5] Notably, there is a second statute addressing a nonresident's right of access to the courts. See OCGA § 50-2-21 (addressing dismissal of actions of a nonresident accruing outside this state). Section 50-2-21 was enacted in 2003. The parties do not argue that this statute applied, and we need not determine how OCGA §§ 9-10-31.1 and 50-2-21 interact in the first instance. See *Hewett*, supra, 273 Ga. App. at 251 (3), n. 6. We note, however, that the factors for consideration under OCGA § 50-2-21 (b) are consistent with the seven factors set forth in OCGA § 9-10-31.1 (a). Id. These factors are discussed in Division 3 infra.

2. The Appellants next argue that it was error to dismiss the case in favor of a foreign tribunal under the plain language of OCGA § 9-10-31.1 (b), which requires a defendant to file a written stipulation waiving any statute of limitation defense. We disagree.

Under OCGA § 9-10-31.1 (b),

[a] court may not dismiss a claim under this Code section until the defendant files . . . a written stipulation that, with respect to a new action on the claim commenced by the plaintiff, all the defendants waive the right to assert a statute of limitations defense in all other states of the United States . . . ."

The Appellants argue that the use of the phrase "all other states of the United States" limits the trial court's authority to dismiss an action only in favor of a forum in another state.

When considering a statute, the courts will assume the legislature meant what it said and said what it meant, give the text its plain meaning, and view the text in the context in which it appears. See *iHeartMedia, Inc. v. Sheridan*, S17Q0345, 2017 WL 1052673, * 2 (decided Mar. 20, 2017). Moreover, "[t]he cardinal rule of statutory construction is to seek the intent of the Legislature, and language in one part of a statute must be construed in the light of the legislative intent as found in the statute

as a whole." (Citation and punctuation omitted.) *Fair v. State*, 288 Ga. 244, 252 (2) (702 SE2d 420) (2010).

This Court has held that the legislature clearly intended to permit trial courts to dismiss suits that would be more appropriately heard in *any forum outside this state*, including foreign countries. See *Hewett*, supra, 273 Ga. App. at 250-252 (3) (vacating and remanding for the trial court to analyze the factors under § 9-10-31.1 (a) in suit brought in Georgia by New Zealand family in connection with a plane crash that occurred in Australia and noting that defendants must file the required waiver under subsection (b)) (emphasis supplied). By its plain language, the statute permits dismissal to a "forum outside this state." OCGA § 9-10-31.1 (a). Simply put, the language in subsection (b) does not restrict the trial court's authority under subsection (a) to dismiss a case in favor of a foreign venue.

If the legislature intended for dismissal to be limited to only those circumstances in which the alternate venue was a sister state, it would have so stated in subsection (a). See *iHeartMedia, Inc.*, supra, at * 2; *Fair*, supra, 288 Ga. at 252 (2). Accordingly, we find no merit in the Appellants' claim that the trial court could only dismiss the case in favor of a forum in a sister state.

3. The Appellants next argue that the trial court erred in granting the motion to dismiss under the factors set forth in OCGA § 9-10-31.1. We find the trial court properly exercised its discretion.

> In determining whether to grant a motion to dismiss an action . . . under the doctrine of forum non conveniens, the court shall give consideration to the following factors:
>
> (1) Relative ease of access to sources of proof; (2) Availability and cost of compulsory process for attendance of unwilling witnesses; (3) Possibility of viewing of the premises, if viewing would be appropriate to the action; (4) Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy; (5) Administrative difficulties for the forum courts; (6) Existence of local interests in deciding the case locally; and (7) The traditional deference given to a plaintiff's choice of forum.

OCGA § 9-10-31.1 (a).

The trial court addressed each of the seven factors under OCGA § 9-10-31.1 and found that they weighed in favor of dismissing the case.

*(a) Relative ease of access to sources of proof*

As to the first factor, the Appellants argued before the trial court that although La Fontaine was treated initially in the Dominican Republic, most of her treatment

9

involved doctors and physical therapy in Michigan, making it cost-prohibitive to bring these witnesses out of the country. Signature argued that all of the staff operating the zipline and the witnesses who were present at the time of the accident are in the Dominican Republic, and Signature agreed to stipulate to jurisdiction in that country, along with waiving any statute of limitations issues.

The trial court found that the actual zipline, the initial treating doctors, and many of the witnesses are all located in the Dominican Republic, making the sources of proof of the cause of La Fontaine's injuries more accessible in that country. Moreover, there was about a six month gap between the time Signature inspected the zipline and the date of the accident, raising a question of whether there were any changes to the line or intervening causes other than a failure of a bolt as the Appellants allege. Given that the accident occurred in the Dominican Republic, the trial court did not abuse its discretion in finding that this factor weighs in favor of Signature. See *Lecraw v. Antique Wine Co. (Franchising) Ltd.*, 1:14-CV-01149-RWS, 2015 WL 1277001, * 9 (N. D. Ga. 2015) (the administrative burden on the court and the fact that all the evidence was in a foreign country favored dismissal).[6]

---

[6] In the absence of a Georgia decision directly on point, this Court looks to federal case law and finds the rulings of federal courts persuasive. See, e.g., *Wegman*, supra, 338 Ga. App. at 654 (2) (noting that there was no Georgia case on point in

10

*(b) Availability and cost of compulsory process for attendance of*

*unwilling witnesses*

Addressing the second prong, the trial court noted that it had no authority to compel the testimony of the doctors and witnesses in the Dominican Republic, and Signature would be limited in its ability to present a defense if forced to proceed in Georgia. This, the trial court found this factor weighs strongly in favor of Signature.

The record reflects that both parties submitted affidavits to address the Dominican Republic's procedure in civil cases. The first attorney opined that the courts were available and adequate to decide the issues. A second attorney explained that the Dominican Republic requires witnesses to testify in person, which would require that all U. S. witnesses and parties travel to the Dominican Republic for trial. Moreover, the Dominican Republic provides no penalty for failure to appear. However, obtaining a visa for willing witnesses to come testify in the Dominican Republic is fairly simple and inexpensive.

There are similar problems for compelling the attendance of Dominican Republic witnesses if the trial is held in Georgia. The trial court did not abuse its discretion in finding that this factor weighs heavily in Signature's favor. See *Tazoe*

forum non conveniens case but finding federal cases persuasive).

11

*v. Airbus S. A. S.*, 631 F3d 1321, 1335 (III) (B) (11th Cir. 2011) (district court did not abuse its discretion in dismissing U. S. citizen's suit in favor of foreign court based on foreign defendants' inability to compel witnesses or produce evidence or to implead third parties); *Aldana v. Del Monte Fresh Produce N. A., Inc.*, 578 F3d 1283, 1294 (IV) (B) (11th Cir. 2009) (district court did not abuse its discretion in dismissing suit where witnesses and evidence was in Guatemala, there were linguistic barriers with respect to documents and witnesses, the misconduct occurred in Guatemala, and the court could not compel witnesses to come to the United States). Cf. *Hawthorn Suites Golf Resorts, LLC v. Feneck*, 282 Ga. 554, 556-557 (3) (651 SE2d 664) (2007) (trial court did not abuse discretion in dismissing suit where witnesses were located in Louisiana and could be more easily compelled to testify there).

### (c) Possibility of viewing of the premises

Addressing the third factor, the trial court found that there was no ability to transport a Georgia jury to the Dominican Republic to view the scene. Although the Appellants assert that viewing the zipline is unnecessary, their theory of liability is that a faulty bolt was the cause of the accident and that this should have been discovered during Signature's inspection. As Signature has explained, its defense will

12

point to other parts of the zipline that could have caused the collapse given the six month time lapse between Signature's inspection of the zipline and the accident that resulted in La Fontaine's injuries.[7] In light of this defense, inspecting the premises may be necessary despite the Appellants' claim to the contrary. Accordingly, the trial court did not abuse its discretion in finding that this factor weighs in favor of Signature.

*(d) Unnecessary expense or trouble to the defendant not necessary to the*

*plaintiff's own right to pursue his or her remedy*

With respect to the fourth factor, the trial court explained that Signature would face expense and difficulty if it found it necessary to bring any of the witnesses from the Dominican Republic to testify on its behalf. The trial court noted, however, that the Appellants faced similar difficulties in bringing the suit in the Dominican

---

[7] Although the Appellants argue that it is unnecessary to visit the site because there is a video of the accident, the video is not part of the record on appeal, and this Court has no means to evaluate whether it is a proper substitute for travel to view the actual zipline. Moreover, the district court apparently viewed the video and found that it provided a "limited view" and thus it would not preclude the possibility that a visit might be warranted. *La Fontaine v. Signature Research, Inc.*, 2016 WL 880527, * 7 (III) (B) (4), Case No. 1:14-CV-24028 (S. D. Fla. 2016).

13

Republic. The trial court did not abuse its discretion in finding that this factor did not weigh in favor of either party.

*(e) Administrative difficulties for the forum courts*

Turning to the fifth factor, the trial court noted that it would have to apply Dominican law, which would most likely be in Spanish, and doing so would be burdensome on the Georgia court and its full docket. The trial court did not abuse its discretion in finding that this factor weighs in favor of Signature. See *Piper Aircraft Co. v. Reyno*, 454 U. S. 235, 260 (II) (A) (2) (102 SCt 252, 70 LE2d 419) (1981) (trial court may consider difficulties of applying foreign law in balancing factors).

*(f) and (g) Existence of local interests in deciding the case locally and the traditional deference given to a plaintiff's choice of forum.*

The trial court found that the sixth and seventh factors weigh in favor of the Appellants because the trial court had an interest in protecting Georgia products, services, and corporations, and courts traditionally defer to a plaintiff's choice of forum.

After weighing all of the factors, the trial court found that the location of witnesses, the site of the accident, and the inability of a Georgia court to compel Dominican Republic witnesses to appear tilted the balance toward dismissing the case

14

on the basis of forum non conveniens. Our review is limited to whether the trial court abused its discretion. *Wang*, supra, 292 Ga. at 569 (1). Given the trial court's detailed analysis of the weight it gave each of the seven factors, we cannot say that the trial court abused its discretion. Therefore, we affirm the trial court's dismissal of the Appellants' suit on forum non conveniens grounds.

*Judgment affirmed. Doyle and Reese, JJ., concur.*