In the Supreme Court of Georgia

Decided:    February 4, 2019

S18G0078. LA FONTAINE et al. v. SIGNATURE RESEARCH, INC.

BENHAM, Justice.

We granted certiorari in this case to resolve whether the trial court properly applied OCGA § 9-10-31.1, Georgia's forum non conveniens statute, to dismiss a lawsuit filed in Georgia by residents of Michigan against a Georgia corporation in favor of it being filed in the foreign country where the underlying event occurred.  For the reasons that follow, we conclude that OCGA § 9-10-31.1 is inapplicable to the case at bar.

The facts relevant to this appeal are undisputed.  While vacationing in the Dominican Republic in May 2014, Appellant Francis La Fontaine was injured in a fall from a collapsed zip-line at a course operated by Cumayasa Sky Adventures (CSA).  She and her husband, Appellant Roberto Melendez, who are Michigan residents, filed a tort action in Douglas County State Court against Appellee Signature Research, Inc.  Appellee is a Georgia corporation that inspected and certified the zip-line course operated by CSA.  Appellee

filed a motion to dismiss based on forum non conveniens saying it would submit to jurisdiction in the Dominican Republic and it would agree to extend the applicable statute of limitations period. Pursuant to OCGA § 9-10-31.1, the trial court granted Appellee's motion because the balance of private and public factors weighed in favor of adjudicating this matter in the Dominican Republic.

Appellants appealed the trial court's decision to the Georgia Court of Appeals on four grounds. See *La Fontaine v. Signature Research, Inc.*, 342 Ga. App. 454 (803 SE2d 609) (2017). [1] Relevant here, the Court of Appeals relied on its earlier decision in *Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242, 248 (3) (614 SE2d 875) (2005),[2] to reject Appellants' argument that it was error to dismiss the case in favor of a foreign tribunal under the plain language of OCGA § 9-10-31.1. *La Fontaine*, 342 Ga. App. at 457 (2). Appellants'

---

[1] The Court of Appeals declined to review Appellants' first argument that OCGA § 9-10-31.1 unconstitutionally invades a plaintiff's right of access to the courts because the trial court did not rule on it. *La Fontaine*, 342 Ga. App. at 456 (1) (a) (citing *Pimper v. State*, 274 Ga. 624, 627 (555 SE2d 459) (2001)). The court rejected Appellants' second argument that *AT&T Corp. v. Sigala*, 274 Ga. 137 (549 SE2d 373) (2001), mandated that the trial court's decision should be reversed because it concluded *Sigala*, which was decided four years prior to the enactment of OCGA § 9-10-31.1, was superseded by the statute. *La Fontaine*, 342 Ga. App. at 457 (1) (b). Finally, the Court of Appeals rejected Appellants' argument that the trial court abused its discretion when granting the motion to dismiss under the factors provided in OCGA § 9-10-31.1 (a). *La Fontaine*, 342 Ga. App. at 458 (3).

[2] Overruled on other grounds by *Wang v. Liu*, 292 Ga. 568, 569 (1) (740 SE2d 136) (2013).

main argument in this Court is that OCGA § 9-10-31.1 is inapplicable here because that statute only allows dismissals of actions to other states and not to other countries. We agree and consequently reverse the Court of Appeals' judgment.

Determining whether OCGA § 9-10-31.1 is applicable to this case is a matter of statutory construction which is a question of law subject to de novo review. See *Fulton County Bd. of Ed. v. Thomas*, 299 Ga. 59, 61 (786 SE2d 628) (2016). "[T]he fundamental rules of statutory construction . . . require us to construe the statute according to its own terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage." *Lyman v. Cellchem Intl., Inc.*, 300 Ga. 475, 477 (796 SE2d 255) (2017) (punctuation and citation omitted). In construing language in any one part of a statute, a court should consider the statute as a whole. See id.

OCGA § 9-10-31.1 provides in relevant part:

> (a) If a court of this state . . . finds that in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a forum outside this state . . . the court shall decline to adjudicate the matter under the doctrine of forum non conveniens. *As to a claim or action that would be more properly heard in a forum outside this state*, the court shall dismiss the claim or action. . . .

(b) A court may not dismiss a claim under this Code section until the defendant files with the court or with the clerk of the court a written stipulation that, with respect to a new action on the claim commenced by the plaintiff, *all the defendants waive the right to assert a statute of limitations defense in all other states of the United States* in which the claim was not barred by limitations at the time the claim was filed in this state as necessary to effect a tolling of the limitations periods in those states beginning on the date the claim was filed in this state and ending on the date the claim is dismissed.

(Emphasis added.)

OCGA § 9-10-31.1 was adopted in derogation of the common law[3] and therefore "'must be limited strictly to the meaning of the language employed, and not extended beyond the plain and explicit terms of the statute.'" *Wegman v. Wegman*, 338 Ga. App. 648, 652 (1) (791 SE2d 431) (2016) (quoting *Couch v. Red Roof Inns*, 291 Ga. 359, 364 (729 SE2d 378) (2012)).

Considering the language of OCGA § 9-10-31.1 as a whole and giving it

---

[3] At common law, Georgia courts had no inherent authority to dismiss cases based on forum non conveniens when jurisdiction was otherwise granted by the Georgia Constitution or by statute. See *Wegman v. Wegman*, 338 Ga. App. 648, 651 (1) (791 SE2d 431) (2016). Accordingly, the doctrine of forum non conveniens in Georgia is "generally controlled by statutory provisions." *Holtsclaw v. Holtsclaw*, 269 Ga. 163-164 (496 SE2d 262) (1998); see also *AT&T Corp. v. Sigala*, 274 Ga. at 141 (stating that statutes codifying the doctrine of forum non conveniens will prevail over the common law). In *Sigala*, this Court relied on its "inherent judicial power" to "adopt the doctrine of forum non conveniens for use in lawsuits brought in state courts by nonresident aliens who suffer injuries outside this country." *Sigala*, 274 Ga. at 139. However, since *Sigala* was decided in 2001, the legislature enacted OCGA § 50-2-21 and § 9-10-31.1 in 2003 and 2005 respectively to create a statutory framework for the application of forum non conveniens in Georgia. See Ga. L. 2003, pp. 824-825, § 5; Ga. L. 2005, pp. 2-3, § 2.

4

its plain and ordinary meaning, dismissing a claim via statutory forum non conveniens when the alternative forum is a foreign country is not an action the trial court may take. OCGA § 9-10-31.1 (a) provides discretionary factors to help trial courts determine whether to grant a motion to dismiss an action or to transfer venue under the doctrine of forum non conveniens. Based on those factors, if a claim or action would be more properly heard in "a forum outside this state," the trial court shall dismiss the claim or action. OCGA § 9-10-31.1 (a). Critically for this case, OCGA § 9-10-31.1 (b) provides that a court may not dismiss a claim via forum non conveniens until the defendant files a written stipulation that all defendants waive the right to assert a statute of limitations defense "in all other *states of the United States* in which the claim was not barred." (Emphasis added.)

This requirement in OCGA § 9-10-31.1 (b) shows that a "forum outside this state" in subsection (a) can only be referring to forums in sister states. If the legislature had not included subsection (b), then the "forum outside this state" language in subsection (a) might allow trial courts to dismiss cases in favor of forums in foreign countries. However, courts must ascertain the meaning of a statutory provision from the statute as a whole. See *Lyman*, 300 Ga. 475. The legislature included the requirement that defendants waive the

5

right to assert a statute of limitations defense "in all other states of the United States" in subsection (b) in order for a claim or action to be dismissed. Reading the statute as Appellee urges, to include forums outside the United States, would make subsection (b)'s waiver requirement operate illogically.[4] In cases like this one, a defendant would be unable to have a claim dismissed in favor of a forum in a foreign country unless it waived its right to raise a statute of limitations defense in 49 states where the defendant could not be sued in the first place, but the defendant would not have to waive this defense in the foreign country–the very place it argues should decide the case.

In sum, the courts cannot construe OCGA § 9-10-31.1 to force an outcome that the legislature did not authorize. Strictly construed, OCGA § 9-10-31.1 does not provide for dismissals of actions unless the claim should be moved to one of the other 49 states. Accordingly, the judgment of the Court of Appeals affirming the dismissal of Appellants' action pursuant to OCGA § 9-10-31.1 is reversed. We do not address whether the action may be

[4] In reaching this result, we need to overrule *Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242 (614 SE2d 875) (2005). In *Hewett*, OCGA § 9-10-31.1 was invoked to dismiss a case from a Georgia court even though the defendant was arguing that the case should be dismissed to Australia. Although the Court of Appeals stated in a footnote that Kansas could still serve as a possible forum for the suit, the Court of Appeals affirmed the trial court's dismissal of the case in favor of Australia. Therefore, *Hewett*'s holding that OCGA § 9-10-31.1 can be used to dismiss a case in favor of a forum in another country is overruled.

transferred pursuant to OCGA § 50-2-21, *Sigala*, 274 Ga. 137, or on some other ground, as those theories have not been raised in and ruled on by the trial court.

Judgment reversed. All the Justices concur, except Peterson and Warren, JJ., who concur specially.

S18G0078. LA FONTAINE et al. v. SIGNATURE RESEARCH, INC.

PETERSON, Justice, concurring specially.

I am uncertain that the majority's reading of the statute is the most reasonable construction, but it is certainly — at least — not unreasonable. And for me, that is enough, given that the constitutional concerns acknowledged — but not present — in Sigala may well be present here. See AT&T Corp. v. Sigala, 274 Ga. 137, 140-141 (549 SE2d 373) (2001) (distinguishing cases where the parties "had an unqualified right under our constitution or federal statutes to litigate their claims in the courts of this state"); see also In the Interest of M. F., 298 Ga. 138, 145-146 (780 SE2d 291) (2015) (applying canon of constitutional doubt to adopt statutory construction that "certainly [was] not unreasonable").

I am authorized to state that Justice Warren joins in this concurrence.